UNITED STATES of America, Appellee,

v.

**Kirk McDAVID, Defendant–Appellant.**

**No. 171, Docket 94–1083.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 11, 1994.

Decided Dec. 1, 1994.

As Amended Jan. 4, 1995.

Bradley D. Simon, Asst. U.S. Atty., Brooklyn, NY (Zachary W. Carter, U.S. Atty. for the E.D.N.Y., Susan Corkery, Asst. U.S. Atty., of counsel), for appellee.

Doris G. Traub, New York City (Traub & Traub, P.C., of counsel), for defendant-appellant.

Before: LUMBARD, KEARSE, and MINER, Circuit Judges.

LUMBARD, Circuit Judge:

On November 12, 1993, Kirk McDavid pleaded guilty to one count of mail fraud under 18 U.S.C. § 1341 before Judge Spatt in the Eastern District of New York. On January 28, 1994, while imposing sentence, Judge Spatt referred to a mistaken item of fact, and afforded McDavid no opportunity to correct the error. The judge sentenced McDavid to the maximum six month prison term, three years of supervised release, a $50 special assessment, and an order of restitution in the amount of $6,084.72.

McDavid filed a notice of appeal and later moved the district court under 18 U.S.C. § 3143(b) for a stay of execution of sentence pending appeal. At a February 18, 1994 hearing, Judge Spatt denied the stay. The judge acknowledged his error of fact, but stated that he would have imposed the maximum six month sentence even absent his mistaken belief. On appeal, McDavid seeks vacation of his sentence and remand to a different judge for resentencing.

McDavid's criminal charge stemmed from his scheme to defraud credit card companies. In late 1991 or early 1992, bank investigators from American Express and Diners Club notified Postal Inspectors of McDavid's signed and notarized affidavits stating that he did not make certain charges on his credit card. The inspectors interviewed McDavid, who again signed statements denying that the charges were his. Upon further investigation, handwriting experts determined that the disputed charge slips were indeed signed by McDavid. McDavid thereafter pleaded guilty to an information charging him with one count of mail fraud.

At sentencing on January 28, 1994, Judge Spatt held an evidentiary hearing to determine whether an adjustment for obstruction of justice was warranted. The judge found that the government had not shown obstruction. After hearing counsel for each side, the probation officer, McDavid, and McDavid's mother, the court thereafter delivered the following statement:

The reason[s] for the Court's imposition of sentence are as follows:

As amended, I accept the facts set forth in the pre-sentence report. In particular, this defendant was involved in a scheme to defraud credit card companies, CitiCorp, Diners Club and American Express, in which he would send signed notarized affidavits stating that his credit card was lost, and he denied making these charges, when in fact they were his. This was an out and out fraud.

[The court proceeds to elaborate on McDavid's fraud.]

. . . . .

*He has a criminal history where another judge was asked to give him probation and that judge did.*

At the age of 28 he was arrested and charged with delivery of a controlled substance, pandering, loitering for prostitution, in Kent County Superior [C]ourt, Warwick, Rhode Island, in exchange for his plea of nolo contendere to counts two through six of the indictment, one of the [ ] counts was dismissed. And he was given on count three two years suspended sentence, six years probation, on the other count, three years suspended sentence, three years probation, and all were to run concurrently. *So he was given a good chance.*

*What does he do? He gets involved in criminal activity again.*

[The court rejects McDavid's excuse that the fraud was a mistake.]

. . . . .

No, this Court has to send a message out that this is not going to be tolerated, *and not by someone who had a chance.* I understand Mrs. McDavid's concern. And I certainly feel for her. But what she has to worry about is you, Mr. McDavid, and not me, you. I think it is time for you to get punished for what you do, for what you did, and I will do it [right] now.

(emphasis added). McDavid's counsel then interjected.

MR. FELDMAN: Judge, sorry to interrupt, but the offenses in Rhode Island were preceding—

THE DEFENDANT: 1990.

MR. FELDMAN: Preceded the event here.

THE COURT: I know they did.

THE DEFENDANT: I was not sentenced to—

THE COURT: Tell your client to remain silent. I will give him a chance to talk.

Don't interrupt me. You are not getting the message, Mr. McDavid of what you did. Maybe you will get the message now.

Judge Spatt imposed sentence forthwith and advised McDavid of his right to appeal. McDavid was given no "chance to talk" before the proceeding ended.

McDavid's new counsel filed a timely notice of appeal on February 7, 1994. She also moved the district court for a stay of execution pending appeal. On February 18, 1994, Judge Spatt heard McDavid's request for a stay. McDavid argued, and the government concedes, that he was not on probation when he committed the credit card fraud in 1991; the Rhode Island court did not impose probation until May 25, 1993. Judge Spatt acknowledged his error but denied the stay, explaining:

When imposing sentence, the Court utilized all the reasons set forth in the record. And the imposition of the maximum sentence within the applicable guidelines was within the discretion of the Court. If I had known and realized that he had been sentenced to probation after the events in this crime, nevertheless, I would have sentenced him to the full six months.

So, if any Appellate Court has any doubt about what this Court would do if it were returned to me because of this mistake in fact, I am stating now, that's what I would have done at the time of sentencing notwithstanding the fact that he had been given probation subsequent to the commission of this act.

On March 8, 1994, we granted McDavid a stay pending appeal.

■■■ While a sentence imposed within the Sentencing Guidelines range is generally unreviewable, *United States v. Soliman,* 889 F.2d 441, 443 (2d Cir.1989), a contention that the sentence was imposed in violation of law is reviewable, *see id.;* 18 U.S.C. § 3742(a)(1). Thus, a judge's material misapprehension of fact is ground for vacating a sentence, be-

cause it may constitute a denial of due process, *see United States v. Stein,* 544 F.2d 96, 101–03 (2d Cir.1976) (citing *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948), and *United States v. Malcolm,* 432 F.2d 809, 816 (2d Cir.1970)), especially when the defendant lacks an opportunity to reply. *See, e.g., Stein,* 544 F.2d at 102–03 (district court refused to allow rebuttal by defendant and counsel, to explain lack of influence of her false assumptions, or to make new findings of fact); *Malcolm,* 432 F.2d at 815–16 (district court repeatedly attributed criminal record of co-defendant to the defendant, despite numerous efforts to correct by defendant and by co-defendant's counsel); *Townsend,* 334 U.S. at 739–41, 68 S.Ct. at 1254–55 (district court "careless[ly]" proceeded on false assumptions of defendant's criminal record in sentencing uncounseled defendant); *see also* Fed.R.Crim.P. 32(a)(1).

█ The record reveals Judge Spatt's erroneous belief that McDavid was on probation at the time he committed the credit card frauds. When McDavid and his counsel tried to address the error, Judge Spatt silenced them. Despite stating that he would give McDavid a chance to speak, the judge in fact proceeded to impose sentence immediately. Judge Spatt had imposed sentence and his final remarks concerned whether there were any counts of the indictment remaining and when McDavid was to surrender; it was clear the proceeding was over.

█ Judge Spatt's mistaken belief was material. While giving his reasons for the sentence, Judge Spatt plainly expressed his displeasure over McDavid's commission of the fraud during probation. *See Stein,* 544 F.2d at 102 ("[T]he fact that the trial judge expressly referred to these matters upon imposition of sentence indicates that she probably considered them to be material...."). A sentence based *in part* on material misinformation may not stand. *See Townsend,* 334 U.S. at 741, 68 S.Ct. at 1255; *see also King v. Hoke,* 825 F.2d 720, 724 (2d Cir.1987).

█ Thus, in light of the due process violation, we remand this case. Judge Spatt's pronouncement that he would impose the same sentence upon remand to the district court persuades us to remand to a different judge. Sentence should be imposed by a judge who has not expressed an opinion which makes it clear that remand is an empty gesture. Since the district court judge's statements highlight "the recognized difficulty which an original sentencing judge may have in rejecting or modifying prior conclusions," and especially the need to maintain the appearance of justice, this case must be reassigned. *Stein,* 544 F.2d at 104; *see United States v. Robin,* 553 F.2d 8, 10 (2d Cir.1977) (en banc); *cf. United States v. Bradley,* 812 F.2d 774, 782 n. 9 (2d Cir.), *cert. denied,* 484 U.S. 832, 108 S.Ct. 107, 98 L.Ed.2d 67 (1987).

Accordingly, we vacate the sentence and remand to the district court for further proceedings before a different judge.