89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Alexander SCHWARTZ, Defendant-Appellant.
 No. 95-1517.
 United States Court of Appeals, Second Circuit.
 Nov. 21, 1995.
 
 Appeal from the United States District Court for the Southern District of New York (Kevin Thomas Duffy, Judge ).
 APPEARING FOR APPELLANT: RICHARD A. FINKEL, Meissner, Kleinberg & Finkel, New York, New York.
 APPEARING FOR APPELLEE: LEV L. DASSIN, Assistant United States Attorney for the Southern District of New York, New York, New York.
 S.D.N.Y.
 AFFIRMED.
 Before J. DANIEL MAHONEY, PIERRE N. LEVAL and JOSE A. CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 1. Defendant-appellant Alexander Schwartz appeals from a judgment of conviction entered September 7, 1995 in the United States District Court for the Southern District of New York following his plea of guilty to one count of conspiring to engage in monetary transactions in criminally derived property in violation of 18 U.S.C. §§ 1956(h), 1957. Although the probation department's presentence report recommended a downward departure based upon extraordinary family circumstances, the district court refused to grant such a departure and sentenced Schwartz to a term of imprisonment of twenty-four months, to be followed by a three-year term of supervised release. On appeal, Schwartz alleges that the district court's decision resulted from its misapprehension of the law and the facts and was an abuse of discretion. Schwartz remains released on bail pending appeal.
 
 
 4
 2. A sentencing court's decision not to grant a downward departure is an exercise of discretion that is normally unreviewable on appeal. United States v. Harris, 38 F.3d 95, 97 (1994), cert. denied, 115 S.Ct. 1269 (1995). We therefore reject Schwartz's contention that the district court abused its discretion in refusing to depart downward.
 
 
 5
 3. We recognize an exception to the rule of nonreviewability when a sentencing court's refusal to depart downward rests upon a misapprehension of its authority to do so. United States v. Haynes, 985 F.2d 65, 68 (2d Cir.1993). Schwartz contends that the district court failed to recognize its authority to depart downward for extraordinary family circumstances. In support of this claim, Schwartz points to certain statements made during the sentencing hearing, namely, Judge Duffy's remark that Schwartz was arguing in substance "that every father can get a 'by' on the basis of family circumstances," and Judge Duffy's statement that he "s[aw] no grounds for a downward departure here at all."
 
 
 6
 4. A reviewing court is generally "entitled to assume that the sentencing judge understood all of the available sentencing options, including whatever departure authority existed in the circumstances of the case." United States v. Rivers, 50 F.3d 1126, 1131 (2d Cir.1995). The remarks to which Schwartz points do not cause us to question Judge Duffy's understanding of the applicable law. Rather, our review of the entire record convinces us that the district court was fully aware of its authority to grant a downward departure, rendering its decision not to do so unreviewable on appeal.
 
 
 7
 5. Finally, Schwartz contends that the district court's decision not to depart downward was based upon erroneous factual determinations. A sentencing judge's material misapprehension of fact provides a ground to vacate a sentence, United States v. McDavid, 41 F.3d 841, 843-44 (2d Cir.1994), but we conclude that Judge Duffy did not misapprehend any material facts. The only alleged error supported by the record is Judge Duffy's statement that Schwartz had made a second trip to Puerto Rico in furtherance of the conspiracy. Our review of the record shows that Judge Duffy made this statement early in the proceedings during a lengthy summary of Schwartz's conduct, that Schwartz's counsel did not attempt to correct the error, and that Judge Duffy did not rely upon the misstatement in arriving at the sentence which he imposed. In short, Judge Duffy's error was immaterial and provides no basis to vacate Schwartz's sentence.