**UNITED STATES of America,**
**Appellee,**

v.

**Harry SEID, Defendant–Appellant.**

**No. 00–1599.**

United States Court of Appeals,
Second Circuit.

May 17, 2001.

Burton T. Ryan, Jr., Assistant United States Attorney, Eastern District of New York; David C. James, Assistant United States Attorney; Loretta E. Lynch, United States Attorney, Eastern District of New York, of counsel, for appellee.

Paula Schwartz Frome, Kase & Druker, Esqs., Garden City, NY; James O. Druker, Kase & Druker, Esqs., Garden City, NY, of counsel, for defendant-appellant.

Present STRAUB, POOLER, Circuit Judges, and KORMAN,* District Judge.

---

SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant Harry Seid appeals from a final judgment of conviction dated August 4, 2000. Seid, who pled guilty to one count of tax evasion pursuant to 26 U.S.C. § 7201, was sentenced to imprisonment for a term of one year and ordered to pay $1,036,135.79 restitution. For five years prior to his sentencing, Seid had cooperated with a New York State investigation into corruption. At sentencing, the government moved for a downward departure pursuant to U.S.S.G. § 5K1.1 and the District Court granted the motion. The one year sentence is below the fifteen to twenty-one month range mandated by the sentencing guidelines for Seid's offense. On appeal, Seid argues that the District Court would have departed to an even greater extent but for its material misapprehension of facts concerning his offense and subsequent restitution efforts.

■ A sentence imposed within the guideline range is reviewable only under limited circumstances. *United States v. McDavid,* 41 F.3d 841, 843 (2d Cir.1994); *accord United States v. Lawal,* 17 F.3d 560, 562–563 (2d Cir.1994). Seid bases his appeal on one such limited exception: a sentence based on the district judge's material misapprehension of fact constitutes a denial of due process of law. *McDavid,* 41 F.3d at 843–844; *accord Torres v. United States,* 140 F.3d 392, 404 (2d Cir.1998). Seid argues that when the District Court imposed his sentence, including the allegedly inadequate downward departure, the court believed that the amount of taxes owed by Seid exceeded one million dollars; that he had paid no taxes for the 1993 tax year; and that he continued to live a luxurious lifestyle furnished with expensive cars and boats. In fact, Seid only owed $253,164.40 in back taxes (the million dollar figure represented taxes plus penalties and interest); he had briefly made payments to the I.R.S. totaling $4,500 for 1993; and he had long since disposed of the extravagant luxury items.

The record does not support Seid's claim that the District Court labored under a material misapprehension of fact. In assigning the base offense level, the District Court relied on the correct back taxes figure of $253,164.40. At sentencing, the assistant U.S. Attorney did not represent that the back taxes figure was higher, but only informed the judge that "[t]he total due and owing at the current time is $1,036,135.79, which is continuing to accrue of which there have been no payments." Seid correctly points out that the latter part of the statement by the government is incorrect: Seid briefly complied with a payment plan, remitting a total of $4,500 to the I.R.S. for the 1993 tax year. Given the extent of Seid's crime—over a quarter of a million dollars in unpaid taxes—the fact that the District Court may have misapprehended Seid's brief and limited attempt to repay his obligation is immaterial. Moreover, the record strongly indicates that the District Court knew that Seid had made these payments to the I.R.S. Finally, the record does not support Seid's claim that the District Court believed him to still own thousands of dollars of luxury items. Besides the fact that the presentence report clearly states that Seid reported disposing of those goods, the District Court spoke of Seid's owning them in the past tense. The District Court referenced Seid's previous lifestyle because it showed that he "did whatever he damned please." The District Court recognized that "[n]ow when it comes down to it, he has no money and he is a poor man."

We have considered all of Seid's arguments on appeal, and find them to be without merit. For the reasons set forth above, the judgment of the District Court is AFFIRMED.