**UNITED STATES of America,**
**Appellee,**

v.

**Chen KEUNG, a/k/a "Lau He,"**
**Defendant–Appellant.**

**Docket No. 03–1111.**

United States Court of Appeals,
Second Circuit.

Oct. 30, 2003.

Labe M. Richman, New York, New York, for Appellant.

Michael G. McGovern, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney; Gary Stein, Assistant United States Attorney, on the brief), New York, New York, for Appellee.

PRESENT: FEINBERG, KEARSE, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Chen Keung, a/k/a "Lau He," who pleaded guilty to a one-count indictment charging him and eight co-defendants with hostage-taking, *see* 18 U.S.C. § 1203, appeals from a judgment of conviction sentencing him to 360 months' imprisonment, five years' supervised release, and a $50 special assessment. On appeal, he raises two arguments.

### 1. *Equal Protection*

Keung submits that the statute under which he was convicted, the Hostage Taking Act, 18 U.S.C. § 1203, violates the Constitution's Equal Protection Clause. We rejected a similar challenge in *United States v. Lue*, 134 F.3d 79, 87 (2d Cir. 1998), as have a number of our sister circuits, *see United States v. Ferreira*, 275 F.3d 1020, 1027 (11th Cir.2001); *United States v. Montenegro*, 231 F.3d 389, 395 (7th Cir.2000); *United States v. Santos–Riviera*, 183 F.3d 367, 373–74 (5th Cir. 1999); *United States v. Lopez–Flores*, 63 F.3d 1468, 1475 (9th Cir.1995). We are bound by *Lue, see, e.g., United States v. King*, 276 F.3d 109, 112 (2d Cir.2002), and accordingly reject Keung's equal protection challenge.

### 2. *Due Process*

Keung asserts that the district court's reliance on inaccurate facts to deny him a downward departure at sentencing pursuant to U.S.S.G. § 2A1.1, Application Note 1, violated due process. A district court's sentence within the applicable guideline range is generally unreviewable. *See United States v. Hargrett*, 156 F.3d 447, 450 (2d Cir.1998). An exception is recognized for sentences imposed in violation of law, *id.;* 18 U.S.C. § 3742(a)(1), as, for example, when a district court violates due process by relying on a "material misapprehension of fact ... especially when the defendant lacks an opportunity to reply." *United States v. McDavid*, 41 F.3d 841, 843–44 (2d Cir.1994) (citations omitted). This case does not fall within that exception.

Preliminarily, we note that Keung and his counsel were both heard before sentencing and failed to alert the district court to the three purported factual errors of which they now complain. *See United States v. Barnhart*, 980 F.2d 219, 226 (2d Cir.1992); *cf. United States v. McDavid*, 41 F.3d at 844 (holding that due process was denied where court silenced defendant who attempted to correct factual error material to sentencing).

In any event, the specific errors alleged do not qualify as material misapprehensions. While it is undisputed that the district court misspoke in observing that it had twice before commented on the "heinous" nature of the charged crime (in fact, it had done so only once), the error was not material. Whether the district court's observation was being made for the first, second, or third time, the crime of conviction was aptly characterized as "heinous."

Neither did the district court clearly err, *see* 18 U.S.C. § 3742(e); *United States v. Cassiliano*, 137 F.3d 742, 745 (2d Cir. 1998), in stating that Keung's conduct "enabled" his confederates to beat a hostage to death. Not only did Keung act as a guard, preventing hostages from escaping the daily beatings administered by his confederates, but he himself administered some of the beatings and was thus well aware of the risk of death inherent in such abusive conduct. *See* U.S.S.G. § 2A1.1, Application Note 1.

Finally, the district court did not rely on any factual misapprehension about Keung's actions after the hostage's death

in denying him a sentencing departure. Keung himself admitted using a meat cleaver to deface the murder victim's corpse so that it could not be identified. To the extent Keung submits that it was "irrational" for the district court to consider this conduct because U.S.S.G. § 2A1.1, Application Note 1, identifies only pre-death actions and intent as relevant to departure, we disagree. Application Note 1 identifies various factors to be weighed in determining the *extent* of a downward departure, but nothing in the note cabins a district court's discretion to consider the totality of circumstances in deciding whether to depart at all from the applicable guideline range. *See United States v. Sisti*, 91 F.3d 305, 312 (2d Cir.1996) (sentencing court's discretion is "largely unlimited either as to the kind of information [it] may consider, or the source from which it may come" (internal quotations omitted)). In sum, the district court acted well within its discretion, *United States v. Tocco*, 135 F.3d 116, 131 (2d Cir.1998), and certainly not irrationally or in violation of due process, in concluding that defendant's inhumane and potentially obstructive conduct after the victim's death was a factor that weighed against downward departure.

Accordingly, we hereby AFFIRM the district court's February 27, 2003 judgment of conviction.