**UNITED STATES of America,**
**Appellee,**

v.

**Gregory TIMEWELL, Defendant–**
**Appellant.**

No. 04–2262.

United States Court of Appeals,
Second Circuit.

March 3, 2005.

Ivan S. Fisher (Lucas E. Andino, on the brief), New York, New York, for Appellant.

Burton T. Ryan, Jr., Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, New York, for Appellee.

Present: OAKES, RAGGI, and WESLEY, Circuit Judges.

### CORRECTED SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED AND DECREED that challenges to the judgment of conviction entered against him on April 20, 2004, are rejected, except for his Sixth Amendment challenge to his sentence, on which point we REMAND to the district court for further proceedings consistent with this order.

On this appeal, defendant Gregory Timewell challenges the 275–month term of incarceration imposed as a result of his conviction for conspiring to import 1000 kilograms or more of hashish and marijuana. *See* 21 U.S.C. §§ 960(b)(1)(G), 963. A concurrent sentence of 60 months' incarceration imposed on defendant's conviction for making false statements to federal agents, *see* 18 U.S.C. § 1001, is not challenged on this appeal. Timewell asserts that (1) his sentence is unconstitutional because it is premised on facts not proved beyond a reasonable doubt to the jury as required by the Sixth Amendment, *see Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and (2) the district court erred in granting a § 5K1.1 departure from the guidelines because (a) it mistakenly thought defendant's guidelines were not affected by his § 1001 conviction, and (b) it was improperly influenced by the United States Attorney's Office's policy of not making specific sentencing recommendations in connection with its § 5K1.1 motions. We conclude that these arguments are uniformly without merit and warrant little discussion.

1. *Challenges to the District Court's Downward Departure*

The Sentencing Guidelines applicable to Timewell's case provided for a 324 to 405–month term of incarceration. The district court stated that it would have been inclined to impose a sentence at the upper end of these guidelines but for the government's § 5K1.1 motion. As a result of that motion, however, the court imposed a 275–month sentence, representing a 130–month departure from its intended sentence.

As a rule, the extent of a district court's downward departure in sentencing is not review able on appeal. *See United States v. Moe,* 65 F.3d 245, 251 (2d Cir.1995); *United States v. Lawal,* 17 F.3d 560, 562 (2d Cir.1994); *United States v. Doe,* 996 F.2d 606, 607 (2d Cir.1993). An exception is made only if a defendant can show that "the departure was made in violation of the law or as a result of a misapplication of the Guidelines." *United States v. Moe,* 65 F.3d at 251 (and cases cited therein); *see also* 18 U.S.C. § 3742(a)(1), (2). That is not this case.

a. *Misapprehension as to the Effect of Defendant's False Statements on His Guidelines Calculation*

Relying on *United States v. McDavid,* 41 F.3d 841, 844 (2d Cir.1994), a case in which we vacated a sentence because a trial judge's mistaken belief as to a material fact (defendant's purported commission of the crime of conviction while on probation) expressly affected his decision to sentence defendant to the guidelines maximum, Timewell asserts that the district court's mistaken belief that his § 1001 conviction played no part in his Guidelines' calculation similarly infected the court's departure decision. We disagree.

Preliminarily, we note that we are not convinced that the district court misunderstood the effect of defendant's § 1001 conviction on his Guidelines calculation. Even if defendant had not pleaded guilty to a § 1001 charge, his misstatements could

have been treated as obstructive conduct in calculating his narcotics Guidelines range. In this sense, then, the district court was correct in noting that the fact of a § 1001 conviction had no effect on Timewell's Guidelines calculation.

 Even if we were convinced that the district court had misapprehended the effect of the § 1001 conviction on Timewell's Guidelines calculations, however, we would not consider this case analogous to *McDavid*. The district court's factual error in *McDavid* concerned defendant's actual conduct. In this case, defendant does not, and cannot, claim that the district court misapprehended his conduct; his sole complaint pertains to the court's understanding of how a conviction resulting from that conduct affected his Guidelines calculation. But once the district court granted Timewell a § 5K1.1 departure, it was empowered to sentence him to *any* term that it thought served justice. Thus, even if the district court erred in its view of how defendant's § 1001 conviction figured into his Guidelines calculation, it was not mistaken in its belief that his false statements to federal agents had obstructed justice and, thus, properly considered this fact in determining the extent of its departure. Under these circumstances, we conclude that defendant is not entitled to have his sentence vacated.

b. *District Court's Reference to Prosecution's Failure to Offer a Sentencing Recommendation*

 This court has made clear that a district court may not abdicate its sentencing discretion by refusing to consider a downward departure motion simply because the prosecution declines to make a sentencing recommendation. *See United States v. Campo*, 140 F.3d 415, 418–19 (2d Cir.1998). Nor may the court merely "rubber stamp" a departure recommenda-

tion when the prosecution does make one. *See generally United States v. Doe*, 348 F.3d 64, 67 (2d Cir.2003). The record in this case evidences no such abdication of judicial responsibilities.

As Judge Platt has long made plain to the United States Attorney's Office for the Eastern District of New York, he would find it useful to receive sentencing recommendations along with any application for sentencing consideration in return for a defendant's cooperation with law enforcement authorities. Neither the solicitation of such recommendations nor their submission, however, suffices to establish an abdication of judicial sentencing discretion. In fact, the Eastern District United States Attorney's Office has steadfastly declined to make sentencing recommendations to the district court. The record in this case indicates that Judge Platt voiced his continuing disagreement with this policy, but it reflects no abdication of judicial sentencing responsibilities. Quite the contrary, the record indicates that Judge Platt gave careful consideration to the parties' submissions and the facts outlined in the presentence report in granting a 130–month departure from the sentence he would otherwise have imposed. Thus, there is no reason to vacate the sentence for reconsideration of the downward departure.

2. Blakely *Challenge to the Constitutionality of Guidelines Sentences*

Relying on *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Timewell claims that his Guidelines-determined sentence constitutes a violation of his rights under the Sixth Amendment to the United States Constitution. In light of the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.

**58**

2005), this case is remanded to the district court for further proceedings in conformity with *Crosby.*

For the foregoing reasons, we reject all arguments on this appeal except for Timewell's Sixth Amendment challenge to his sentence. On that single issue, we RE-MAND this case to the district court for further proceedings consistent with this order.