09-2777-cr
United States v. Timewell

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of July, two thousand ten.

PRESENT:  REENA RAGGI,
           GERARD E. LYNCH,
           DENNY CHIN,
             *Circuit Judges.*

--------------------------------------------------------

UNITED STATES OF AMERICA,
        *Appellee*,

    v.                                 No. 09-2777-cr

GREGORY PAUL TIMEWELL,
        *Defendant-Appellant.*

--------------------------------------------------------

APPEARING FOR APPELLANT:    BRENDAN WHITE (Diarmuid White, *on the brief*), White & White, New York, New York.

APPEARING FOR APPELLEE:    BURTON T. RYAN, JR. (Peter A. Norling, *on the brief*), Assistant United States Attorneys, *for* Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District

of New York (Thomas C. Platt, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the June 17, 2009 order of the district court is VACATED, and the case REMANDED for further proceedings consistent with this decision.

Defendant Gregory Paul Timewell, sentenced principally to 275 months' incarceration upon his plea of guilty to conspiring to import hashish and marijuana, see 21 U.S.C. §§ 960, 963, and making false statements to federal agents, see 18 U.S.C. § 1001, appeals from the district court's decision not to resentence him following the second of two remands pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). See United States v. Johnson ("Johnson II"), 567 F.3d 40 (2d Cir. 2009); United States v. Timewell ("Johnson I"), 124 F. App'x 55 (2d Cir. 2005). Timewell contends that the district court committed procedural error by (1) ruling before the mandate issued in Johnson II, (2) failing to afford the parties an opportunity to be heard, and (3) disregarding this court's instructions on remand. Timewell also challenges his sentence as substantively unreasonable and requests resentencing by a different district judge. We review sentencing decisions for reasonableness, a standard "akin to review for abuse of discretion," United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006), even after a district court declines to resentence pursuant to Crosby, see United States v. Williams, 475 F.3d 468, 474 (2d Cir. 2007). In doing so, we assume familiarity with the facts, which are set forth in our previous decisions

2

in this case, but we begin by summarizing the relevant procedural history.

The district court initially sentenced Timewell on March 5, 2004, to 275 months' incarceration. On March 3, 2005, in Johnson I, 124 F. App'x 55, we remanded for a determination whether Timewell's sentence would have been different in light of United States v. Booker, 543 U.S. 220 (2005). At a September 20, 2007 hearing, Timewell argued that his sentence should be reduced in light of (1) his extensive cooperation, detailed in a letter submitted by the government under U.S.S.G. § 5K1.1; and (2) the lower sentences imposed on two codefendants. On October 3, 2007, the district court declined to resentence Timewell, citing "the fact that Timewell violated his plea agreement" by initially failing to reveal millions of dollars in drug proceeds.

On June 1, 2009, in Johnson II, 567 F.3d 40, we held that the district court had erred by failing directly to address the threshold Crosby inquiry. We further concluded that the omission could not be deemed harmless in light of other errors informing the court's remand decision, specifically (1) reliance on a perceived government practice of voiding breached plea agreements, which, in fact, was unsupported by the record; (2) increasing the sentence based on the government's failure to follow that practice in Timewell's case; and (3) assuming, incorrectly, that the top of Timewell's advisory range under the Sentencing Guidelines was life imprisonment. See id. at 52-53. We remanded with instructions to "formulate a proper response to the Crosby inquiry." Id. at 54. Both Timewell and the

3

government sought and were granted extensions of the time for filing petitions for rehearing, and Timewell filed such a petition, which was denied on August 26, 2009. The mandate issued on September 3, 2009.

On June 17, 2009, while the parties were still pursuing rehearing in this court, the district court issued an opinion responding to Johnson II. Addressing the threshold Crosby inquiry, the district court held that resentencing was not required because the sentence would not have been "materially different" under Booker. The district court stated further that it "did not commit error" in the October 3, 2007 order; it had taken Timewell's § 5K1.1 letter into account and indeed had reduced his sentence on that basis; its references to the government's "usual practice" were "ancillary" to its decision; and it had understood that, although Timewell faced a statutory maximum sentence of life, the top of his Guidelines range was 405 months.[1]

By ruling before the mandate issued in Johnson II – and, thus, before it regained jurisdiction over Timewell's case – the district court erred. See United States v. Rivera, 844 F.2d 916, 921 (2d Cir. 1988) (noting that "jurisdiction follows the mandate"). The government is correct that "the divestiture of jurisdiction rule is . . . not a per se rule," United

_____

[1] The district court also referenced language in Johnson II indicating that we vacated Timewell's sentence. Had we in fact done so, our remand would not have been for the renewed Crosby inquiry we instructed the district court to undertake, but for resentencing. As the parties appear to recognize, Johnson II addressed an appeal from the district court's prior order declining to resentence him, not from the judgment of conviction, and vacated only the district court's Crosby ruling, not the sentence.

States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996), and we have declined to apply that rule where no proper appeal has been taken, see, e.g., id. at 252; Burger King Corp. v. Horn & Hardart Co., 893 F.2d 525, 527 (2d Cir. 1990); SEC v. Am. Bd. of Trade, Inc., 829 F.2d 341, 344 (2d Cir. 1987); Leonhard v. United States, 633 F.2d 599, 610-11 (2d Cir. 1980). That, however, is not this case. Here, the considerations underlying the traditional rule of divestiture, "rooted in the interest of judicial economy" and "designed to avoid confusion [and] waste of time," United States v. Rodgers, 101 F.3d at 251 (internal quotation marks omitted), are fully applicable.

The district court also erred by ruling without first affording the parties an opportunity to be heard. Although Crosby does not require a defendant to be present when the district court decides whether to resentence him, it does require the district court to permit the parties, at a minimum, to file written submissions before any decision is made. See 397 F.3d at 120. In Johnson II, we remanded to permit the district court to "formulate a proper response to the Crosby inquiry," i.e., to follow the procedure that case describes. 567 F.3d at 54. Undertaking that procedure in its entirety was essential, even though the district court had received submissions and heard argument from the parties prior to its initial Crosby ruling, because the errors we identified in Johnson II included not only the district court's failure to address the threshold inquiry, but also errors in its analysis of the facts relevant to that inquiry. The district court indicates that no such errors occurred or that they did not

5

inform its <u>Crosby</u> determination.  The parties were entitled to be heard on these points on remand.

Moreover, the district court's response to our second remand appears to misapprehend and, therefore, to disregard, the terms of our mandate.  In its October 3, 2007 Memorandum and Order, issued after our first remand in this case, the district court stated:

> The major factor in the difference between Timewell and three other defendants – Johnson, Bowler and Sherrett – was and is the fact that Timewell violated his plea agreement with the government by failing to reveal five million dollars ($5,000,000) in drug proceeds that he had concealed in Europe.  When confronted with this fact, he revealed only $2,890,000, i.e., leaving about $2,000,000 for which there has been no account.  In innumerable cases (notwithstanding counsel for Timewell's claim to the contrary) that have come before this Court, the Government has advised that when a defendant violates his plea agreement with the Government, the agreement is voided.  <u>This Court took that into account in substantially increasing Timewell's sentence from what it otherwise would have been.</u>

(Emphasis added).  In remanding again, we noted that the district court erred when it "'took . . . into account' what the court perceived to be the government's customary practice of voiding plea agreements where a defendant violates the terms of the agreement[, despite the fact that] such a customary practice [wa]s unsupported by the record before the District Court."  <u>Johnson II</u>, 567 F.3d at 52.[2]  We thus clearly interpreted the district court's 2007

---

[2] We also stated that the district court erred by "(1) 'substantially increasing Timewell's sentence from what it otherwise would have been' and (2) giving as a reason for the increase the government's failure to comply with the purported customary prosecutorial practice of voiding cooperation agreements upon breach by the defendant." <u>Johnson II</u>, 567 F.3d at 52-53; <u>see also id.</u> at 54 ("The District Court should state the reasons for the response [to the <u>Crosby</u> inquiry] without consideration of past practices of the government in regard

6

comments regarding the U.S. Attorney's purported plea agreement practice to account for some unspecified but measurable component of Timewell's original sentence. We recognize that the district court's statement could be interpreted otherwise. For example, the statement could have been meant to convey that, even though the government had not followed its perceived policy and voided Timewell's plea agreement based on his deception, the court had taken that deception into account in increasing Timewell's sentence from what it would otherwise have been if cooperation had been full and complete. That construction finds some support in the fact that the district court did give Timewell considerable consideration for his cooperation. Still, the district court has never itself so indicated. Rather, in response to our remand, the district court downplayed its original comments regarding the U.S. Attorney's purported plea agreement practice as "ancillary to the determination of the sentence in this matter." This statement is unresponsive to our concern in that it fails to explain how to reconcile the district court's original comments with its current position that Timewell's sentence was not affected by the government's practice regarding plea agreements.[3]

_____

to the rescission of cooperation agreements. Such consideration was error.").

[3] Moreover, in rejecting Timewell's argument based on the disparity between his 275-month sentence and his co-defendant Thomas Sherrett's 120-month sentence, the district court erroneously asserted both that Sherrett had been "re-sentenced in another court" and that "Timewell was sentenced well before the other defendants." Both these statements are incorrect – Sherret had initially been sentenced in the District of Oregon, but was later resentenced by Judge Platt himself, and Sherrett's resentencing took place before Timewell's

The errors identified above compel us to remand the case yet again so that the district court can begin the Crosby inquiry anew as directed in Johnson II, this time affording the parties an opportunity to be heard. Timewell asks us to remand to a different judge. We decline to do so because we are confident that on remand the district court: (1) will wait for the mandate to issue; (2) will grant the parties an opportunity to be heard; and (3) to the extent that the district court maintains that Timewell's sentence was not affected by the government's practice regarding plea agreements, will adequately articulate how its comments in its October 3, 2007 Memorandum and Order can be reconciled with that position. See United States v. Woltman, No. 10-413, slip op. at 18 (2d Cir. July 6, 2010) (setting forth criteria for such remands); United States v. Hernandez, 604 F.3d 48, 55-56 (2d Cir. 2010); United States v. DeMott, 513 F.3d 55, 59 (2d Cir. 2008). We decline now to address Timewell's substantive reasonableness challenge, deeming it the better course first to afford the district court the opportunity to make its Crosby decision. See United States v. Williams, 475 F.3d at 476 ("In remanding under Crosby, we generally decline to consider whether the sentence of a defendant is unreasonably long because of the possibility that a different sentence will be imposed after the Crosby remand."); United States v. Crosby, 397 F.3d at 120 ("Because a remand is warranted, we have no occasion on this appeal to consider

---

sentencing. The government argues these are "trivial" errors. While in isolation they might seem so, in context the errors are significant, because the district court was attempting to justify the disparity by distancing itself from the sentence that it had itself imposed.

8

whether Crosby's sentence is unreasonable solely because of its length . . . .").

We have considered Timewell's other arguments on appeal and we conclude that they are without merit. Accordingly, the June 17, 2009 order of the district court is VACATED, and the case is REMANDED for further proceedings consistent with this decision.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court