13-126 (L)
United States v. Razzoli

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand thirteen.

PRESENT:  REENA RAGGI,
               DENNY CHIN,
               CHRISTOPHER F. DRONEY,
                 *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,
               *Appellee*,

        v.
                                           No. 13-126 (L)
                                         No. 13-315 (CON)

KEVIN RAZZOLI,
               *Defendant-Appellant.*

———————————————————————

FOR APPELLANT:  Kevin Razzoli, *pro se*, Glenville, West Virginia.

FOR APPELLEE:  Damian Williams (Brent S. Wible, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant Kevin Razzoli, proceeding pro se, appeals from a January 14, 2013 judgment of conviction following a jury trial, at which he was found guilty on two counts of willfully and forcibly interfering with the performance of duties of Deputy United States Marshals, see 18 U.S.C. §§ 111(a)(1), 1114, for which he was sentenced to concurrent terms of 30 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Razzoli raises numerous challenges to various rulings of the district court, none of which has merit.

First, Razzoli faults the district court's denial of his motion to recall prosecution witnesses for further cross-examination. The district court denied recall because Razzoli's counsel had a full opportunity to cross-examine the witnesses during the government's case-in-chief. Because Razzoli offers no explanation for failing to question the witnesses more fully during cross-examination, the district court did not abuse its discretion in denying his request to recall. See United States v. Blackwood, 456 F.2d 526, 529–30 (2d Cir. 1972) (explaining that district court's discretion to limit cross-examination is "especially broad" where defendant challenges decision not to allow recall "without showing any valid reason for his failure to use the material then in his possession during his earlier cross-examination of that witness"); see

2

also United States v. Scotti, 47 F.3d 1237, 1247–48 (2d Cir. 1995) (applying abuse of discretion standard to denial of recall motion).

Second, Razzoli argues that the district court erred by rejecting his motion for a new trial based on the alleged destruction of unidentified evidence. See Fed. R. Crim. P. 33. "[Rule 33] motions are granted only in extraordinary circumstances, and are committed to the trial court's discretion." United States v. McCourty, 562 F.3d 458, 475 (2d Cir. 2009) (internal quotation marks omitted) (alteration in original). Because Razzoli does not identify what evidence was purportedly destroyed and, thus, does not explain why he is entitled to a new trial, the court did not abuse its discretion in denying the motion. See id.

Third, Razzoli argues that trial counsel was ineffective for failing to file an interlocutory appeal from the district court's denial of his Rule 33 motion. An ineffective assistance claim may be raised on direct appeal if it can be decided on the current record. See United States v. Brown, 623 F.3d 104, 112–13 (2d Cir. 2010). This is such a case. As the district court properly denied Razzoli's Rule 33 motion two months before entry of judgment, there would have been no appellate jurisdiction over an interlocutory appeal of that order, and thus Razzoli cannot demonstrate prejudice from counsel's failure to file such an appeal. See Florida v. Thomas, 532 U.S. 774, 777 (2001); see also Strickland v. Washington, 466 U.S. 668, 694 (1984) (holding that to succeed on ineffective assistance claim, defendant must establish prejudice from counsel's "unprofessional errors"); United States v. Ferguson, 246 F.3d 129, 138 (2d Cir. 2001).

3

Fourth, Razzoli challenges the district court's denial of his motion to subpoena a clergyman who purportedly would have testified about the significance of the scapular that Razzoli was wearing when he assaulted the Deputy United States Marshal. Because the appearance of a scapular or its significance had no bearing on the illegality of Razzoli's conduct, the district court did not abuse its discretion in denying the request. See United States v. Stewart, 433 F.3d 273, 310–11 (2d Cir. 2006).

Fifth, Razzoli challenges the district court's denial of his claim–made in his Rule 33 motion–that the government was improperly recording his telephone conversations with his attorney. As Razzoli had access to a private telephone line that was not recorded and there was no evidence that any of Razzoli's calls with his attorney were in fact recorded or that the government listened to any such recordings, the district court did not abuse its discretion in denying a new trial on this basis. See United States v. McCourty, 562 F.3d at 475.

Sixth, Razzoli challenges the district court's decision not to conduct an evidentiary hearing at sentencing. See United States v. Fatico, 603 F.2d 1053 (2d Cir. 1979). Although Razzoli does not identify why a hearing was necessary, our review of the record indicates that a hearing was sought because Razzoli believed that his conviction was the product of false testimony, and a hearing was necessary to expose "cover ups" that supported a separate civil claim. As Razzoli does not explain how either of these allegations, if true, had any bearing on sentencing, the district court did not abuse its discretion in denying the request for a hearing. See United States v. Ghailani, 733 F.3d 29, 54–55 (2d Cir. 2013) (reviewing district court's decision not to hold evidentiary hearing at sentencing for abuse of discretion).

4

Seventh, Razzoli's objections to the Presentence Investigation Report lack merit as there is no indication those purported inaccuracies were relevant to sentencing. Cf. United States v. McDavid, 41 F.3d 841, 843–44 (2d Cir. 1994) ("[A] judge's material misapprehension of fact is ground for vacating a sentence, because it may constitute a denial of due process." (emphasis added)).

Finally, Razzoli argues that the district court improperly denied his request to subpoena witnesses and certain videotapes for consideration at sentencing. Razzoli has not explained the import of these witnesses and video footage or demonstrated how they would have affected sentencing. Insofar as Razzoli challenges the denial of his request to subpoena witnesses for trial, the district court considered each potential witness and determined that the bulk of the individuals had no information related to the triable issues. Accordingly, we find no abuse of discretion in this decision. See United States v. Stewart, 433 F.3d at 310–11.

We have reviewed Razzoli's remaining arguments and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of conviction of the district court entered on January 14, 2013.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5