14-983-cr
*United States v. Diaz*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand fifteen.

PRESENT: AMALYA L. KEARSE,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                 No. 14-983-cr

JOANNA DIAZ,

*Defendant-Appellant.*

---

**FOR JOANNA DIAZ:** COLLEEN P. CASSIDY, Of Counsel, Federal Defenders of New York, Inc., New York, NY.

**FOR UNITED STATES OF AMERICA:** MICAH SMITH, Justin Anderson, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the District Court is **VACATED**, and the cause is **REMANDED** for resentencing, with instructions to reassign the case to a different judge.

Defendant Joanna Diaz appeals from the District Court's March 25, 2014 amended judgment convicting her, upon a plea of guilty, of one count of bribery conspiracy, in violation of Title 18, United States Code, Section 371, and sentencing her principally to 6 months' imprisonment, with the recommendation that that term be served in two three-month periods over the following two summers. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Although Rules 35 and 36 of the Federal Rules of Criminal Procedure permit courts to correct technical errors in a sentence, neither those rules nor any other rule of law "authorize the court to . . . modify [its] written judgment to effectuate an intention that the court did not express in its oral sentence." *United States v. DeMartino*, 112 F.3d 75, 79 (2d Cir. 1997). In this case, the government and Diaz both agree that the district court's modification of Diaz's sentence was unfavorable to her and was improperly imposed in her absence and without her attorney present. The government therefore consents to the vacatur of the amended judgment and a remand for resentencing. We agree that the court's modification of Diaz's sentence was impermissible under our precedents, and remand this case to the district court for resentencing. *See id.* ("Entry of an order in the defendant's absence increasing his sentence [is] impermissible.").

Diaz requests that we remand her case with instructions to assign the case to a different judge. "[T]he principal factors considered by us in determining whether further proceedings should be conducted before a different judge are (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views . . . , (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *United States v. Robin*, 553 F.2d 8, 10 (2d Cir. 1977).

Although we are confident that Judge Forrest would be able to put aside her previously-expressed views regarding Diaz's sentence, because Judge Forrest expressed her intent with respect to any further resentencing so firmly in her response to Diaz's letter seeking bail pending appeal we conclude that the appearance of justice would be best served by reassignment in this instance. *See United States v. McDavid*, 41 F.3d 841, 844 (2d Cir. 1994) (reasoning that a judge's "pronouncement that he would impose the same sentence upon remand to the district court persuades us to remand to a different judge").

## CONCLUSION

For the reasons stated above, we **VACATE** the District Court's March 25, 2014 amended judgment and **REMAND** for resentencing, with instructions to reassign the case to a different judge.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk