*15-3511-cr*
*United States of America v. Fabio Casas-Melendez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of **March**, two thousand seventeen.

PRESENT: JOSÉ A. CABRANES,
RICHARD C. WESLEY,
*Circuit Judges.*
WILLIAM K. SESSIONS III,
*District Judge.*\*

---

UNITED STATES OF AMERICA,

        *Appellee,*                 15-3511-cr

        v.

FABIO CASAS-MELENDEZ, AKA JULIO CESAR GUTIERREZ-ROJAS, AKA FABIO CASAS,

        *Defendant-Appellant.*

---

**FOR APPELLEE:**                 Emily Berger (Paul G. Scotti *on the brief*), Assistant United States Attorneys for Robert L. Capers, United States Attorney for the Eastern District of New York, New York, NY.

---

\* Judge William K. Sessions III, of the United States District Court for the District of Vermont, sitting by designation.

1

**FOR DEFENDANT-APPELLANT:**          Matthew B. Larsen, Federal Defenders of
New York Appeals Bureau, New York,
NY.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Fabio Casas-Melendez ("Casas") appeals the September 6, 2016 judgment of the district court rendered after this Court's July 13, 2016 order remanding his cause, pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), for clarification on the record. The July 13, 2016 order asked the district court to determine whether an erroneous fact raised during the initial sentencing hearing—that Casas had "turned a blind eye" to serious criminal activity occurring in his own home, even though he was incarcerated at the time for an unrelated offense—affected the sentence imposed by the district court.[1] Pursuant to the remand instructions, the district court held that the sentence was not based on any erroneous fact and thus did not resentence Casas.[2]

On appeal, Casas argues that a *Jacobson* remand was procedurally improper and asks that his case to be remanded to a different district judge for resentencing. For the reasons set forth below, we conclude that Cases waived this argument by not raising it in his initial appeal. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

***

The threshold question is whether Casas waived the issue of remand to a different judge by failing to raise it in the initial appeal, as the government argues. Casas contends that the issue was not waived because the grounds for reassignment occurred at the remand hearing on September 6, 2013 and therefore arose after the initial appeal. Specifically, he argues that the judge disclaimed reliance on the mistaken fact that she had expressly invoked at sentencing and reassignment is thus required to preserve the appearance of justice.

---

[1] Both parties agree that the statement by the district judge that Casas had "turned a blind eye" to serious criminal activity occurring in his own home was erroneous.

[2] At the original proceeding on November 10, 2015, Casas was convicted, upon entering a plea of guilty, of illegally re-entering the U.S. after an aggravated felony conviction pursuant to 8 U.S.C. §§ 1326(a), (b)(2). He was principally sentenced to 36 months imprisonment and three years of supervised release.

We disagree, and conclude that the issue was waived. Casas had both the opportunity and incentive to ask for remand to a different judge at the time of the initial appeal. Where "an issue was ripe for review at the time of an initial appeal but was nonetheless forgone, it is considered waived and the law of the case doctrine bars . . . an appellate court in a subsequent appeal from reopening such issues." *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009)(quoting *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002)). In considering the initial appeal, this Court could have ordered a *de novo* resentencing before another district judge. But Casas did not make that argument and thus foreclosed bringing it now. *See Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012) (citation omitted)(disfavoring "re-litigation . . . of issues impliedly resolved by the appellate court's mandate." *Id.* at 75).

In any event, even if the issue had not been thus foreclosed, nothing in the record suggests that the district judge failed to follow this Court's order or acted in a way that would jeopardize the appearance of justice. After giving the parties an opportunity to present additional information, the judge clarified whether she relied upon the erroneous fact and cited several factors that had informed her initial sentencing decision. She stated: "I imposed a sentence of 36 months based primarily on the fact that he had done a great job at raising his children under those difficult circumstances. Had I taken into account the fact that there was, allegedly, criminal activity going on in his household while he was there, I would not have imposed a downward variance. So, I did not take that into consideration in imposing the sentence." Special App'x 10-11. Unlike *United States v. McDavid,* 41 F.3d 841, 844 (2d Cir. 1994), upon which Casas relies, the district judge did not silence the parties to stop them from correcting the record.

**CONCLUSION**

We have considered all of appellant's claims on appeal and found them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3