**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Ronald LEWIS,**
**Defendant-Appellant.**

No. 84–2097.

United States Court of Appeals, Fifth Circuit.

Oct. 15, 1984.

Kenneth M. Mogill, Detroit, Mich., for defendant-appellant.

---

Daniel K. Hedges, U.S. Atty., James R. Gough, Susan L. Yarbrough, Asst. U.S. Attys., Houston, Tex., John P. Smith, Asst. U.S. Atty., Brownsville, Tex., Robert A. Berg, Asst. U.S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, RUBIN and GARWOOD, Circuit Judges.

PER CURIAM:

James Ronald Lewis ("Lewis" or "appellant") appeals the district court's denial of his motion to reduce sentence under Fed.R. Crim.P. 35(b), his only complaint on appeal being that the court below erred in refusing the request of his newly retained counsel, made in connection with his Rule 35(b) motion, to examine the presentence investigation report, which had already been examined by appellant and his previously retained counsel prior to sentencing. Being unable to find any abuse of discretion on the part of the district court, we affirm.

## CONTEXT FACTS

Lewis was charged in counts one and two of a three-count indictment, count one charging conspiracy to possess marihuana with intent to distribute and count two charging possession of approximately four thousand pounds of marihuana with intent to distribute. Represented by retained counsel, Wallace, Lewis, on April 26, 1983, was initially arraigned, pleaded not guilty, and was released on bond. In May 1983, he came to be represented by retained counsel, Bates, who filed motions on his behalf. Bates continued to represent him through sentencing. Pursuant to a plea bargain with the government, by which count two was to be dismissed, Lewis pleaded guilty to count one at a rearraignment on June 13, 1983 at which he was represented by Bates. A presentence investigation report was ordered and sen-

tencing was set for August 3, 1983. On that day, Lewis and his attorney, Bates, appeared, and each acknowledged having read the presentence investigation report and discussed with the court their comments upon and differences with the report. R. II, 22–26. Lewis was then sentenced to five years' confinement on count one, and count two was dismissed on the government's motion.

Subsequently, appellant retained new counsel, Mogill, who on November 21, 1983 moved for a reduction of sentence pursuant to Fed.R.Crim.P. 35(b). At the same time, appellant moved for disclosure of his presentence report. R. I, 8–14. The motion for production stated that counsel was new to the case and that he needed to review the report in order properly to represent appellant's best interests. R. I, 8. In his notice of hearing respecting this motion, appellant's counsel stated, "Oral argument is not requested." The motion to reduce sentence stated, "Upon information and belief, [appellant's] background and prior record were not fully and fairly conveyed to the Court prior to imposition of sentence." R. I, 13. The district court, by order dated January 27, 1984, denied both motions, stating, "Defendant and his trial counsel were given an opportunity and did review at length the presentence report." R. I, 3.*

## DISCUSSION

Under Fed.R.Crim.P. 32(c)(3)(A), "before imposing sentence the court shall permit the defendant and his counsel to read the report of the presentence investigation." This provision was clearly complied with. Rule 32(c)(3)(E) requires all copies of the report to "be returned to the probation officer immediately following the imposition of sentence ..., unless the court, in its discretion, otherwise directs." No such direction was made here. Rule 32 does not specifically mention disclosure of the report to the defendant subsequent to sentencing.

---

* The district court likewise observed that Lewis had received a favorable plea bargain and "had previously been convicted of a significant narcotics offense." It concluded, "there is a valid basis for the sentence and no valid basis for a reduction." In the sentencing hearing, the district court and Lewis discussed his previous conviction. R. II, 24–26.

On this appeal, appellant challenges only the district court's refusal to order production of the report. Appellant argues that the court abused its discretion, stating that present counsel has never seen the report and that its disclosure will cause no prejudice. Appellant also argues that the district court's decision deprived him of his constitutional rights to due process and to effective post-trial counsel.

Assuming *arguendo* that Rule 32(c)(3)(E) allows the district court discretion to order disclosure of the presentence report in connection with a Rule 35(b) motion, the standards under Rule 35 should serve as a guide for review of the district court's exercise of its discretion. This Court will reverse a district court's ruling under Rule 35 "only for illegality or gross abuse of discretion." *United States v. Sparrow*, 673 F.2d 862, 864 (5th Cir.1982). Furthermore, "it is the burden of the one who challenges a sentence to demonstrate that it was founded upon a tainted record." *United States v. Rollerson*, 491 F.2d 1209, 1213 (5th Cir.1974). The district court may summarily deny a Rule 35 motion if the facts alleged fail to show illegality or gross abuse of discretion. *United States v. Nerren*, 613 F.2d 572, 573 (5th Cir.1980); *United States v. Muniz*, 571 F.2d 1344, 1345 (5th Cir.1978).

The district court in this case acted within its discretion in refusing to order disclosure. Appellant has alleged no facts to show that the sentence was a gross abuse of discretion. Appellant has made only the wholly conclusionary allegation that his background and record were not properly presented at sentencing. Lack of access to the report should not prevent appellant's counsel from presenting appellant's background and record. Furthermore, appellant himself has read the report, and he and his prior counsel commented upon it at sentencing. There is no allegation that prior counsel, Bates, and his notes are not available for consultation with appellant's new counsel. There is no allegation that appellant does not recall the essence of the report. There is no indication that appellant was not capable of understanding the report, and indeed the indication is that he did understand it. There is no allegation or indication that Bates did not furnish appellant the effective assistance of counsel. Thus, the district court could properly deny appellant a second chance to search for errors in the report.

The district court's decision also did not deprive appellant of his rights to due process and effective assistance of counsel. In *United States v. Woody*, 567 F.2d 1353 (5th Cir.), *cert. denied*, 436 U.S. 980, 98 S.Ct. 2241, 56 L.Ed.2d 406 (1978), this Court stated that "the trial court may rely upon undisclosed information contained in a presentence investigation report in imposing sentence without abridging constitutional protections." *Id.* at 1358 n. 8. It follows *a fortiori* that the district court here did not violate constitutional standards in refusing, in connection with a Rule 35(b) motion, to order disclosure of a report that appellant and his then counsel examined prior to his sentencing.

Finding no abuse of discretion on the part of the district court, its order denying appellant's Rule 35(b) motion and denying the request to examine the presentence report is affirmed.

AFFIRMED.