770 F.2d 167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
DAVID THOMAS WALSH, DEFENDANT-APPELLANT.
 NO. 84-6095
 United States Court of Appeals, Sixth Circuit.
 7/18/85
 
 E.D.Ky.
 AFFIRMED
 ORDER
 BEFORE: KEITH, MARTIN and WELLFORD, Circuit Judges.
 
 
 1
 Defendant moves for the appointment of counsel on appeal from an order overruling his motion to correct sentence under Rule 35, Federal Rules of Criminal Procedure. The appeal has been referred to a panel of the Court under Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and defendant's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The record shows that on May 23, 1983, defendant was found guilty by a jury on one count of conspiracy to possess marijuana with intent to distribute under 21 U.S.C. Sec. 846, one count of possession of marijuana with intent to distribute under 21 U.S.C. Sec. 841(a)(1), one count of interstate transportation of a stolen airplane under 18 U.S.C. Sec. 2312 (the Dyer Act), and one count of receiving, concealing and storing a stolen airplane under 18 U.S.C. Sec. 2313.
 
 
 3
 In his motion to correct sentence, which the district court overruled summarily, the defendant made the following assertions: 1) that in imposing sentence, the trial court relied upon erroneous information in the presentence investigation report, and 2) that his sentences violated the double jeopardy clause under the 'same offense' test of Blockburger v. United States, 284 U.S. 299 (1932), or, alternatively, that he cannot be given consecutive sentences for conspiracy and substantive offenses. Upon consideration, we find defendant's first assertion to be without merit. The judgment and commitment order as well as the transcript of defendant's sentencing hearing show that copies of the presentence investigation report were furnished to defendant's attorney before imposition of sentence under Rule 32, Federal Rules of Criminal Procedure. At the hearing, defendant and his counsel were given full opportunity to challenge the contents of the report. By failing to raise objections, defendant waived any right to challenge the presentence report in these proceedings. United States v. Lewis, 743 F.2d 1127 (5th Cir. 1984); Brown v. United States, 610 F.2d 672, 675-76 (9th Cir. 1980).
 
 
 4
 We also conclude that defendant's second claim is without merit. Defendant argues violation of the double jeopardy clause in that the drug and airplane charges arose out of the same criminal act or offense under Blockburger v. United States, supra. It is clear, however, that 21 U.S.C. Secs. 841 and 846 proscribe distinct activity from Dyer Act offenses (18 U.S.C. Secs. 2312 and 2313). What defendant appears to be alleging is that he cannot be given consecutive sentences for conspiracy and substantive offenses. This notion has been laid to rest by the Supreme Court in Iannelli v. United States, 420 U.S. 770, 777-79 (1975), and more recently by this Court in United States v. Pickett, 746 F.2d 1129, 1136 (6th Cir. 1984), cert. denied, ---- U.S. ----, 53 U.S.L.W. 3599 (February 19, 1985).
 
 
 5
 It appears that the questions on which decision of this cause depends are so unsubstantial as not to need further argument. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 6
 It is therefore ORDERED that defendant's motion for appointment of counsel be denied and that the final order of the district court be and it hereby is affirmed.