**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Clifford SINCLAIR, Defendant–Appellant.**

**No. 92–1610.**

United States Court of Appeals,
Fifth Circuit.

Aug. 27, 1993.

Rehearing Denied Sept. 28, 1993.

**330**

Bill Boyd, Boyd & Veigel, P.C., McKinney, TX, for defendant-appellant.

Delonia A. Watson, Joe C. Lockhart, Asst. U.S. Attys., Fort Worth, TX, Marvin Collins, U.S. Atty., Dallas, TX, for plaintiff-appellee.

Before WIENER, EMILIO M. GARZA, Circuit Judges, and LITTLE *, District Judge.

PER CURIAM:

Clifford Sinclair, a federal prisoner, has appealed from the district court's denial of his motion to reduce his sentence, which was filed pursuant to Rule 35 of the Federal Rules of Criminal Procedure. A district court's ruling under Rule 35 will be reversed "only for illegality or gross abuse of discretion." [1] *United States v. Lewis*, 743 F.2d 1127, 1129 (5th Cir.1984) (*quoting United States v. Sparrow*, 673 F.2d 862, 864 (5th Cir.1982)). We have reviewed the record and considered the arguments presented, and we do not find that the district court grossly abused its discretion.

AFFIRMED.

---

* District Judge of the Western District of Louisiana, sitting by designation.

1. We note that the appellant argues that the standard of review is "abuse of discretion" rather than "gross abuse of discretion." As authority for this standard, the appellant cites *United States v. Kirkland*, 853 F.2d 1243 (5th Cir.1988). The *Kirkland* case states that the court will "examine only whether the sentence was illegal or whether the district court abused its discretion." *Id.* at 1246. As authority for this standard, the *Kirkland* court cites *United States v. Hanyard*, 762 F.2d 1226, 1228 (5th Cir.1985). The *Hanyard* case provides that a district court's ruling on a motion under Rule 35 will be reversed "only for illegality or gross abuse of discretion." *Id.* (cites omitted). Therefore, the standard of review remains gross abuse of discretion.