IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20731
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

DAVID LEWIS ROWELL,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-318-ALL
--------------------
July 21, 2000

Before JOLLY, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Lewis Rowell was convicted by a jury of possession of a firearm by a felon and making a false statement to a firearms dealer in violation of 18 U.S.C. §§ 922(a)(6) and (g). He challenges the sufficiency of the evidence to find him guilty on the felon-in-possession charge. He also challenges the district court's decision to resentence him pursuant to Fed. R. Crim. P. 35(c).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A reasonable jury could have inferred from the evidence that Rowell knowingly had actual or constructive possession of firearms and was guilty beyond a reasonable doubt of the charged offense.  See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998); United States v. Jones, 133 F.3d 358, 362 (5th Cir.), cert. denied, 118 S. Ct. 1854 (1998) (possession may be actual or constructive and may be proved by circumstantial evidence).

A district court's ruling under Rule 35 will be reversed "'only for illegality or gross abuse of discretion.'"  United States v. Lewis, 743 F.2d 1127, 1129 (5th Cir. 1984) (citation omitted).  The district court resentenced Rowell because the original sentences were based on an error in the sentencing guideline range as stated in the presentence report.  The correction of the sentencing error was within the authority of the district court because the sentence in the original written judgment reflected an "obvious error or mistake" that "would almost certainly [have resulted] in a remand of the case."  Fed. R. Crim. P. 35 advisory committee's note.  The sentences imposed are not illegal and do not reflect an abuse of the district court's discretion.

AFFIRMED.