IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10765
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

HERNAN MOLINA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CR-187-1-Y
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Hernan Molina appeals from an order denying his motion to correct sentence pursuant to FED. R. CRIM. P. 35 and FED. R. CIV. P. 60(b). Molina filed this appeal after the district court dismissed his 28 U.S.C. § 2255 as time-barred, and after an unsuccessful attempt to obtain a certificate of appealability from the district court and this court.

This court reviews the denial of a Rule 35 motion under a gross abuse of discretion standard. United States v. Sinclair,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1 F.3d 329 (5th Cir. 1993). In Molina's case, none of the conditions for granting his Rule 35 motion exist. See United States v. Early, 27 F.3d 140-42 (5th Cir. 1994).

Similarly, Molina's reliance on Rule 60(b) fails. The district court arguably should have treated Molina's 60(b) motion as a successive 28 U.S.C. § 2255 petition and dismissed it for failure to obtain authorization from this court to file a successive petition. See United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998); 28 U.S.C. § 2244(b). In any event, Molina's failure to brief the propriety of the district court's denial of his motion abandoned the only issue on appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED