**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-11181
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEOFFREY NALIMA,

Defendant-Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-71-1-R
-----------------------------------------------------------
April 11, 2002

Before JOLLY, WIENER and STEWART, Circuit Judges:

PER CURIAM:[*]

Geoffrey Nalima, federal prisoner # 51415-019, appeals the district court's denial of his motion to correct his sentence pursuant to FED. R. CRIM. P. 35 and 36. He contends that the district court erred in that restitution cannot be ordered for losses occurring before the period alleged in the indictment, that restitution cannot be ordered for victims not named in the indictment, and that restitution cannot be based on relevant conduct.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

None of the conditions for granting relief under Rule 35 are present.  See United States v. Early, 27 F.3d 140-42 (5th Cir. 1994).  Because the district court was without jurisdiction to grant relief, the court's denial was not a gross abuse of discretion.  See United States v. Sinclair, 1 F.3d 329 (5th Cir. 1993).

Similarly, Nalima's reliance on FED. R. CRIM. P. 36 is misplaced.  The district court did not err in denying the motion as Nalima does not seek to correct a clerical mistake in the judgment of conviction but instead seeks substantive relief unavailable under Rule 36.  See FED. R. CRIM. P. 36; United States v. Massey, 827 F.2d 995, 1005 n.1 (5th Cir. 1987).  The district court's denial of Nalima's motion pursuant to FED. R. CRIM. P. 35 and 36 is AFFIRMED.