# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2011

No. 10-50675
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENRIQUE RAMIREZ, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:76-CR-158-2

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Enrique Ramirez, Jr., federal prisoner # 53450-146, was convicted of distributing heroin and was sentenced to serve 15 years in prison and a special parole term of 15 years. Ramirez now moves this court for authorization to appeal in forma pauperis (IFP) in his appeal from the district court's denial of his motion to correct an illegal sentence under Federal Rule of Criminal Procedure 35. Insofar as Ramirez argues that the district court erred by applying 28 U.S.C. § 1915 to his IFP motion, he is wrong. *See United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50675

*Boutwell*, 896 F.2d 884, 888-90 (5th Cir. 1990) (one-judge order circulated to entire court). Ramirez's request for IFP status will be granted if he is unable to pay the costs of the appeal and the appeal is taken in good faith. § 1915(a)(1), (3).

We review the district court's denial of Ramirez's Rule 35 motion "only for illegality or gross abuse of discretion." *United States v. Lewis*, 743 F.2d 1127, 1129 (5th Cir. 1984) (internal quotation marks and citation omitted). Ramirez has not met this standard.

Contrary to his arguments, Ramirez's sentence was within the pertinent statutory maximum and was legal. *See Artuso v. Hall*, 74 F.3d 68, 69, 71 (5th Cir. 1996); *United States v. Pineda*, 988 F.3d 22, 22 (5th Cir. 1993); *United States v. Lane*, 693 F.2d 385, 390 (5th Cir. 1982). Ramirez's assertion that he was not apprised of the maximum potential sentence before pleading guilty should not be considered in a Rule 35 motion. *See Hill v. United States*, 368 U.S. 424, 430 (1962). Similarly, insofar as his Double Jeopardy claim relates to his conviction, the district court did not abuse its discretion by rejecting it because Rule 35 is not a proper procedural vehicle for such a claim. *See id.* To the extent that Ramirez's Double Jeopardy argument is grounded in his contention that his sentences were improperly imposed to run consecutively due to constraints on sentences for conspiracy charges, this argument fails because he was not convicted of conspiring. His argument grounded in *Bifulco v. United States*, 447 U.S. 381 (1980), fails for the same reason.

In sum, Ramirez fails to show error in the district court's certification decision and fails to show that he will raise a nonfrivolous issue on appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Ramirez's motion for leave to proceed IFP on appeal is denied and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.

2