16-2583-cr
*United States v. Katsman*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2018

(Argued:  September 20, 2018      Decided: October 10, 2018)
Docket No. 16-2583-cr

———————————————

UNITED STATES OF AMERICA,

*Appellee*,

*- against -*

IGOR KATSMAN,

*Defendant-Appellant*.

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Before:

CHIN and LOHIER, *Circuit Judges*, and KEENAN, *District Judge*.*

Appeal from an order of the United States District Court for the

Eastern District of New York (Johnson, *J.*), denying the government's motion

pursuant to Rule 35 of the Federal Rules of Criminal Procedure for a reduction of

———————————

\*       Judge John F. Keenan, of the United States District Court for the Southern
District of New York, sitting by designation.

sentence. Defendant-appellant contends that, in denying the motion, the district court erred by applying an incorrect legal standard and improperly considering sentencing factors under 18 U.S.C. § 3553(a).

AFFIRMED.

---

MICHAEL H. WARREN, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York, *for Appellee.*

DONNA ALDEA (Alexander Klein, *on the brief*), Barket Marion Epstein & Kearon LLP, Garden City, New York, *for Defendant-Appellant.*

---

PER CURIAM:

Defendant-appellant Igor Katsman appeals from an order of the district court entered July 12, 2016, denying, without explanation, the government's motion pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure for a reduction of sentence. By order entered July 18, 2017, we remanded the case to permit the district court to explain its decision. The district court did so, issuing a seven-page order on August 11, 2017. This appeal was

2

thereafter reinstated.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## BACKGROUND

On November 17, 2010, Katsman pleaded guilty in the Eastern District of New York ("EDNY"), pursuant to a plea agreement with the United States Attorney's Office for the Eastern District of New York ("USAO-EDNY"), to charges related to his role in a fraudulent check-cashing scheme.  Katsman was sentenced principally (Block, *J.*) to 84 months' imprisonment.

He thereafter moved to withdraw his guilty plea or, alternatively, for resentencing before a different judge.  The district court denied the motion to withdraw the guilty plea but granted the request for resentencing before a different judge**.**  The case was reassigned (Johnson, *J.*).  Katsman was resentenced on November 30, 2012, to a total of 120 months' imprisonment.  Katsman appealed, and by summary order entered January 13, 2014, this Court affirmed his sentence.  *United States v. Katsman*, 551 F. App'x 601 (2d Cir. 2014).

In 2013, the Federal Bureau of Investigation and United States Attorney's Office for the Southern District of New York ("USAO-SDNY") approached Katsman about cooperating in a separate case pending in the

3

Southern District of New York ("SDNY") related to a no-fault insurance fraud scheme and various investment frauds. *See United States v. Zemlyansky*, 945 F. Supp. 2d 438 (S.D.N.Y 2013). Katsman proffered on several occasions in 2013 and mid-2014, and again in January 2015.

On February 11, 2015, the government entered into a joint EDNY-SDNY cooperation agreement with Katsman, pursuant to which the government agreed to make a Rule 35 motion in the EDNY to reduce Katsman's sentence if Katsman provided substantial assistance in ongoing matters. In connection with that agreement, Katsman was required to plead guilty to uncharged criminal conduct in the SDNY. Katsman pleaded guilty to a nine-count information in the SDNY on February 11, 2015.

On January 29, 2016, the USAO-EDNY filed a letter motion pursuant to Rule 35(b) in the EDNY, requesting that Katsman be resentenced based on his substantial assistance in the prosecutions in the SDNY.

On January 29, 2016, the parties also appeared before the district court in the EDNY for a hearing on the Rule 35 motion. The parties informed the court that Katsman had pleaded guilty in the SDNY, and that the charges in the SDNY were based entirely on information that Katsman had voluntarily

4

provided during proffer sessions. The matter before the EDNY was then adjourned pending Katsman's sentencing in the SDNY.

On June 7, 2016, the USAO-EDNY alerted the district court in the EDNY that Katsman had been sentenced in the SDNY (Batts, *J.*). Although he had faced a sentence of up to 125 years' imprisonment, due to his substantial cooperation, which included testifying in two trials, Katsman received a sentence of time served.

On June 7, 2016, the USAO-EDNY renewed its Rule 35(b) motion to reduce Katsman's sentence in the EDNY. On July 12, 2016, the district court issued its order consisting of a minute entry summarily denying the motion. As noted, following Katsman's appeal and a remand from this Court, *see United States v. Katsman*, No. 16-2583 (2d Cir. July 18, 2017) (order granting motion to remand), the district court issued its decision, which it sealed ("Op."), along with a summary of its reasoning on the publicly available docket:

> The decision to reduce a sentence pursuant to a
> Rule 35(b) motion is discretionary. In light of Mr.
> Katsman having already received the benefit of his
> cooperation [in the SDNY], his lies to this Court, his
> continued commission of the same criminal conduct
> while on pre-sentencing release, his personal
> involvement in the Zemlyansky-Danilovich
> conspiracy, the nature of the instant underlying

crimes, and the undersigned's consideration of the 3553(a) factors, this Court denies the Government's motion. A 120-month sentence, the middle of the guidelines range, remains sufficient but not greater than necessary to comply with the purposes of Section 3553(a). As such, the Government's . . . Motion for Reconsideration as to Igor Katsman . . . is denied and Mr. Katsman's original sentence stands.

D. Ct. Dkt. No. 103. This appeal was reinstated, and the parties submitted supplemental briefing.

### *DISCUSSION*

In seeking reversal of the district court's denial of the government's Rule 35 motion, Katsman argues that (1) "Rule 35(b) motions require a two-step analysis -- but the District Court conflated these discrete steps into one," and (2) the district court should not have considered the § 3553(a) factors in determining whether to reduce Katsman's sentence. Def.-Appellant's Supp. Br. at 7-8. We are not persuaded as to either argument.

Rule 35(b)(2)(B) provides that on "the government's motion made more than one year after sentencing, the court *may* reduce a sentence if the defendant's substantial assistance involved . . . information provided by the defendant to the government within one year of sentencing, but which did not

6

become useful to the government until more than one year after sentencing." Fed R. Crim. P. 35(b)(2)(B) (emphasis added).

We agree with Katsman that, in deciding a Rule 35(b) motion, a district court makes two inquiries. First, it must determine whether the defendant in fact provided substantial assistance. Second, if so, it must then determine what, if any, reduction in sentence is warranted. *United States v. Tadio*, 663 F.3d 1042, 1047-48 (9th Cir. 2011); *United States v. Park*, 533 F. Supp. 2d 474, 476 (S.D.N.Y. 2008).

As to Katsman's first challenge, we are not persuaded that the district court improperly conflated the two steps. In fact, the district court disposed of the first inquiry, as it concluded that "Katsman clearly provided substantial assistance." Op. at 5. The court then proceeded to the second inquiry, explaining that, in light of the circumstances of this case, including, *inter alia*, that Katsman had already received the benefit of his cooperation in the SDNY, he continued to engage in criminal activity while on presentence release, and he lied to the court with respect to his substantial additional criminal conduct, "[a] 120-month sentence, the middle of the guidelines range, remains sufficient but not greater than necessary to comply with the purposes of Section

7

3553(a)."  D. Ct. Dkt. No. 103; *see also* Op. at 7 (same).  Katsman's claim that the district court "merged Step One with Step Two" in denying the motion to reduce his sentence is therefore unavailing; the district court properly recognized that Katsman had provided the government with substantial assistance, and only then proceeded to consider whether to reduce his sentence, declining to do so in the circumstances of this case.

As to Katsman's second challenge, this Court has not yet addressed whether a court may consider the 18 U.S.C. § 3553(a) factors in determining the extent, if any, of a sentence reduction pursuant to a Rule 35(b) motion.  Nothing in the text of the rule, however, precludes the court from considering factors in addition to a defendant's substantial assistance in deciding whether to reduce a sentence, and, if so, to what extent.  *See* Fed. R. Crim. P. 35(b)(1) ("[T]he court *may* reduce a sentence if the defendant . . . provided substantial assistance.").  The only limit to the court's discretion under Rule 35(b) is the requirement that the defendant provide "*substantial* assistance" if he is to receive any benefit for his cooperation.  *Id.* (emphasis added).

Furthermore, we are not persuaded by Katsman's claim that any determination as to the extent of a reduction, if any, should be based solely on

8

the fact that the defendant provided the government with substantial assistance. The use of "may" in Rule 35 implies discretion, and discretion can best be exercised by considering the various sentencing factors. Moreover, Section 3553(a) requires that courts "impose a sentence sufficient, but not greater than necessary," and that they consider the statutory factors "in determining the particular sentence to be imposed." 18 U.S.C. § 3553(a). Section 3553(a) does not limit the consideration of those factors to the original sentencing decision, nor does it prohibit courts from considering them during a resentencing proceeding. *See Park*, 533 F. Supp. 2d at 477.

Indeed, to read Rule 35(b) as requiring the court to resentence a defendant, considering only substantial assistance in isolation from other factors, "leaves too little discretion for the court to exercise" in determining whether a reduced sentence is warranted or prudent under the circumstances. *United States v. Manella*, 86 F.3d 201, 204-05 (11th Cir. 1996). A defendant's circumstances may change post-sentencing in such a way as to have a bearing on the appropriateness of his sentence. A deterioration in a defendant's health, for example, may weigh in favor of a greater reduction, *see, e.g., Park*, 533 F. Supp. 2d at 476-77, while additional criminal behavior, for example, would weigh in favor

9

of a smaller reduction.  We are therefore not persuaded that the district court erred in considering the § 3553(a) factors in step two in deciding whether to reduce Katsman's sentence in light of his cooperation.

Accordingly, we agree that the district court applied the proper two-step test in evaluating the Rule 35(b) motion and did not err in considering the § 3553(a) factors in concluding that Katsman's original sentence should stand.

We have considered Katsman's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the district court's order.