**REVISED June 27, 2019**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10007

United States Court of Appeals
Fifth Circuit

**FILED**
June 27, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOHN DOE,

      Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before CLEMENT, GRAVES, and OLDHAM, Circuit Judges.

ANDREW S. OLDHAM, Circuit Judge:*

    John Doe stole over $77 million from his employer. He was sentenced to 25 years in prison. We affirmed his sentence in 2007. In 2017, the government filed a substantial-assistance motion under Federal Rule of Criminal

---

* Pursuant to a prior order of this Court, we filed the following opinion under seal on June 27, 2019. In a separate letter dated the same day, we proposed unsealing the opinion and gave the parties an opportunity to file objections. Defendant stated "no objection" to unsealing the opinion so long as his name was redacted. Because we are sensitive to the security concerns raised by this particular defendant, we have accepted the proposed redactions. It is therefore ORDERED that this opinion is unsealed as redacted. The Court's prior seal order remains otherwise unaffected.

Procedure 35(b) and asked the district court to reduce Doe's sentence. The district court refused. We affirm.

I.

From 1998 to 2005, John Doe defrauded his employer of over $77 million. He pleaded guilty in 2006. Although the Guidelines range for this fraud was 188 to 235 months, the district court imposed a sentence of 300 months. The district court gave a thorough explanation for its decision to impose an above-Guidelines sentence. This passage from the sentencing transcript provides a sense of the district court's rationale:

> The defendant displayed a grandiose audacity and arrogance in his exorbitant and extravagant lifestyle lived at the expense of [his employer]. According to the file and from information really provided by the defendant's attorneys, the defendant has purchased, among other assets, over $1 million in watercraft, ranging in price from $8,000 jet skiis to two $425,000 Fountain boats. He also purchased approximately 200 vehicles over an 8-year period for an estimated total of $8 million[,] over thirty-five motorcycles, all-terrain vehicles, dune buggies, and go-carts for over $300,000. He purchased in excess of ten aircraft for over $3,400,000. He purchased many sports memorabilia for thousands of dollars. He purchased three motor coaches for an estimated $1,750,000. Mr. [Doe] purchased many thousands of dollars' worth of guns, jewelry, furniture and artwork. And finally, he purchased dozens of real estate holdings worth many millions of dollars, including a farm, a ranch, an airport, and multiple lake, recreational, and mountain properties.

We affirmed the sentence on direct appeal.

In 2013, the government filed a Rule 35(b) motion asking the district court to reduce Doe's sentence based on substantial assistance. The district court denied the motion. Doe did not appeal that order.

In 2017, the government filed another Rule 35(b) motion, which is the subject of this appeal. Because the motion and Doe's memorandum in support

of it were filed under seal, we will omit the details here.[1]  The district court denied the motion in a one-page order.  It stated in relevant part: "After careful consideration of the arguments, the facts and circumstances of Defendant's offense conduct, along with the other factors found in 18 U.S.C. § 3553(a), the Court finds that said Motion should be DENIED."  Doe timely appealed the denial.

## II.

We first determine the basis of our jurisdiction.  Our cases have identified two bases for jurisdiction in appeals like this one.

In 2017, we held that appellate jurisdiction over the denial of a Rule 35(b) motion exists under 18 U.S.C. § 3742(a)(1).  *See United States v. McMahan*, 872 F.3d 717, 718 (5th Cir. 2017).  Section 3742(a)(1) in turn provides:  "A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . was imposed in violation of law."  It is not obvious *McMahan* was correct.  When the district court denies a Rule 35(b) motion, it does not "impose[]" a sentence; it declines to "impose[]" one.  And the only authority *McMahan* cited for finding § 3742 jurisdiction was a case where the district court *granted* a Rule 35(b) motion and hence *did* impose a sentence.  *See McMahan*, 872 F.3d at 718 (citing *United States v. Lightfoot*, 724 F.3d 593, 595 (5th Cir. 2013)).

In 2018, we found appellate jurisdiction under 28 U.S.C. § 1291 to review the denial of a similar sentence-reduction motion.  *See United States v. Calton*,

---

[1] Moments before his oral argument, and without notice to our Court, Doe's appellate counsel orally moved to close our courtroom.  The avowed purpose of this motion was to allow Doe's counsel to discuss the details of his client's substantial assistance.  Out of an abundance of caution, we granted the motion—even though it meant ejecting a group of law students.  After furnishing the Court with a written handout detailing that assistance, Doe's counsel did not say a single word about it during the argument.

900 F.3d 706, 712–13 (5th Cir. 2018). In *Calton*, the defendant moved the district court under 28 U.S.C. § 3582(c) to reduce her sentence in light of a subsequent amendment to the Guidelines. The district court denied the motion, and Calton appealed. We reviewed the appeal under § 1291's "general grant of jurisdiction" over the district court's "final decisions"—not the more specific grant of jurisdiction in § 3742(a)(1). *See Calton*, 900 F.3d at 711, 713. We recognized that, where the latter applies, the appellant cannot rely on the former's "broad grant of jurisdiction to circumvent [the latter's more specific] statutory restrictions on sentencing appeals." *Id.* at 713 (quotation omitted); *see also Edmond v. United States*, 520 U.S. 651, 657 (1997) ("Ordinarily, where a specific provision conflicts with a general one, the specific governs."); ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 183 (2012). But we held § 3742(a)(1) inapplicable because when district courts deny sentence-reduction motions, "the result is only final orders—not new sentences by any definition." *Calton*, 900 F.3d at 713 (quotation omitted).

*McMahan* answered the precise jurisdictional issue before us, so we are bound to apply § 3742(a)(1) to review the denial of Doe's Rule 35(b) motion. Moreover, even if we were persuaded by *Calton*, we could not follow it under our rule of orderliness because it came later. *See United States v. Wheeler*, 322 F.3d 823, 828 n.1 (5th Cir. 2003) (per curiam) ("Where two previous holdings or lines of precedent conflict, the earlier opinion controls and is the binding precedent in this circuit." (alteration and quotation omitted)).

Nor would it matter if we were persuaded by neither *McMahan* nor *Calton*. For example, neither decision considered whether jurisdiction should instead be confined to 28 U.S.C. § 2255. *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005) (holding state prisoners cannot avoid AEDPA's jurisdictional

strictures by purporting to challenge their convictions or sentences under the Federal Rules of Civil Procedure). Nor did either decision consider whether appellate jurisdiction should exist at all; both took for granted that jurisdiction exists and then looked for its source. Whatever the answers to these questions might be, their resolution must wait for another day.[2]

## III.

On the merits, Doe argues the district court's one-sentence denial of the government's Rule 35(b) motion somehow generated six appealable errors. We find none.

## A.

Doe's first, second, and fourth questions presented are really one: whether the district court's Rule 35(b) denial was procedurally unreasonable. It was not.

## 1.

Doe is wrong that Rule 35(b) imposes rigid procedural requirements on district courts. The rule says: "Upon the government's motion made more than

---

[2] Our circuit is not alone in being confounded by these issues. The circuits disagree regarding whether § 3742 or § 1291 governs Rule 35(b) decisions. *Compare United States v. McMillan*, 106 F.3d 322, 324 n.4 (10th Cir. 1997) (concluding "jurisdiction to hear appeals from the resolution of a Rule 35(b) motion is governed by 18 U.S.C. § 3742"), *and United States v. Pridgen*, 64 F.3d 147, 149–50 (4th Cir. 1995) (similar), *with United States v. McAndrews*, 12 F.3d 273, 277 (1st Cir. 1993) ("An order granting or denying a Rule 35(b) motion is . . . a final decision for purposes of section 1291."); *see also United States v. McDowell*, 117 F.3d 974, 977 n.3 (7th Cir. 1997) (reserving the question of "the proper appellate treatment of outright denials of Rule 35(b) motions"). They likewise disagree on whether § 3742 or § 1291 governs decisions regarding § 3582(c)(2) sentence-reduction motions. *Compare United States v. Colson*, 573 F.3d 915, 916 (9th Cir. 2009) ("We conclude that 18 U.S.C. § 3582(c)(2) sentence reduction decisions are reviewable in their entirety for abuse of discretion under 28 U.S.C. § 1291."), *with United States v. Bowers*, 615 F.3d 715, 722 (6th Cir. 2010) ("[O]ur jurisdiction to consider the appeal of a § 3582(c)(2) determination, like our jurisdiction to consider the appeal of a Rule 35(b) determination, must come from § 3742."); *see also Calton*, 900 F.3d at 712 (discussing the circuit split).

one year after sentencing, the court *may* reduce a sentence if the defendant's substantial assistance involved" certain kinds of information. FED. R. CRIM. P. 35(b) (emphasis added). The rule is entirely discretionary—if the district court finds X, then it *may* do Y. Nothing in the rule requires the district court to make a written finding of substantial assistance (X) before exercising its discretion not to reduce the sentence (Y). *Cf. United States v. Matovsky*, 935 F.2d 719, 722 (5th Cir. 1991) (declining, when "the guidelines set forth no requirement that the district court make express findings, . . . to create one"). Nothing in the rule requires the district court to make its discretionary decision (Y) without considering the sentencing factors in 18 U.S.C. § 3553(a). And nothing in the rule says the district court *must* grant a reduction (Y) if it finds substantial assistance (X). *See United States v. Grant*, 493 F.3d 464, 467 (5th Cir. 2007) (explaining that "once the government moves for a reduction in sentence, the sentencing court is not bound by the government's recommendation on whether or how much to depart"). At the risk of belaboring the obvious, "may" means *may*. *See* SCALIA & GARNER, *supra*, at 112–15; *Guilzon v. Comm'r*, 985 F.2d 819, 823 (5th Cir. 1993).

Here the district court said it carefully considered the government's motion, Doe's memorandum in support of that motion, Doe's offense conduct, and the sentencing factors in § 3553(a). Then the district court exercised its discretion to deny the motion. Nothing in Rule 35(b) requires the district court to do anything more or less.

Doe says the district court should have done more—namely, apply a "two-step process" to adjudicate the Rule 35(b) motion. Doe argues step one is to determine whether the defendant provided substantial assistance; if the answer is yes, the motion *must* be granted. Then, Doe says, step two is to

consider the extent of the sentence reduction. This argument has zero basis in Rule 35(b)'s text. And it has zero basis in our precedent.

So Doe falls back to the decisions of our sister circuits. He cites four decisions for the proposition that it is reversible error for a district court not to explain its answers to Rule 35(b)'s two steps before denying the motion. *See United States v. Katsman*, 905 F.3d 672 (2d Cir. 2018) (per curiam); *United States v. Tadio*, 663 F.3d 1042 (9th Cir. 2011); *United States v. Clawson*, 650 F.3d 530 (4th Cir. 2011); *United States v. Grant*, 636 F.3d 803 (6th Cir. 2011) (en banc). Again, Doe is wrong.

Three of these decisions involve district courts that *granted* a Rule 35(b) reduction. *See Tadio*, 663 F.3d at 1044–45; *Clawson*, 650 F.3d at 534–35; *Grant*, 636 F.3d at 809. Where a district court grants a Rule 35(b) motion, it obviously must first find substantial assistance. Rule 35(b)'s text explicitly says so: The motion can be granted "if" and only "if" the defendant provided the specified type of assistance. *See* FED. R. CRIM. P. 35(b); *Pepper v. United States*, 562 U.S. 476, 502 n.15 (2011) ("Rule 35(b) departures address only postsentencing cooperation with the government, not postsentencing rehabilitation generally, and thus a defendant with nothing to offer the government can gain no benefit from Rule 35(b)."). That is, substantial assistance is a necessary condition for granting any relief under Rule 35(b).

That says nothing about what if anything the district court must do to *deny* a Rule 35(b) motion. Federal law includes numerous multi-part tests; where one part is unmet, relief must be denied. *See, e.g.*, *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) ("The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."); *Johnson v.*

*United States*, 520 U.S. 461, 469–70 (1997) (skipping over prong three of the plain-error standard because the claim failed at prong four); *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 318 (5th Cir. 2004) (assuming one step of the *McDonnell Douglas* framework to decide the discrimination claim on a later step). Doe cites no authority from any court to suggest Rule 35(b) is somehow different.

Doe cites only one case involving a Rule 35(b) denial—namely, the Second Circuit's recent decision in *Katsman*. In that case, the district court explained "[t]he decision to reduce a sentence pursuant to a Rule 35(b) motion is discretionary." 905 F.3d at 674. Then the district court exercised its discretion to find (1) Katsman provided substantial assistance, but (2) he did not deserve a reduction in any event. *See ibid.* The Second Circuit affirmed. *Id.* at 675. The fact that the district court in that case chose to exercise its discretion by conducting a two-step analysis says nothing about whether district courts must do so in every case. And the fact that the Second Circuit affirmed says nothing about whether it is reversible error to explain less than the district court did in *Katsman*. Doe cites no case from any court reversing the denial of a Rule 35(b) motion for failing to follow his proposed hyper-rigid, two-step test.

### 2.

Doe next argues the district court should have done less—namely, ignore the sentencing factors in 18 U.S.C. § 3553(a). Again, nothing in the rule precludes consideration of those factors. Nothing in our cases precludes it. And nothing in our sister circuits' cases precludes it. *See, e.g., Katsman*, 905 F.3d at 674 (allowing consideration of the § 3553(a) factors to deny a Rule 35(b) motion); *United States v. Davis*, 679 F.3d 190, 196–97 (4th Cir. 2012) (collecting cases). Doe's best case is the Sixth Circuit's decision in *Grant*. That case limits

some of the factors the district court can consider in imposing its new sentence after it *grants* a Rule 35(b) motion. *See* 636 F.3d at 817–18 (holding the district court can consider "other factors" that overlap with § 3553(a) but should not "mingl[e]" them with "the terminology of § 3553(a)"). But *Grant* obviously did not decide what factors the district court can consider in exercising its discretion to *deny* a Rule 35(b) motion.

There is nothing procedurally unreasonable about the way the district court denied the Rule 35(b) motion. Because we conclude the district court did not err under any standard of review, we need not resolve the parties' dispute over whether our review is *de novo* or for plain error. *See Lightfoot*, 724 F.3d at 596.

### B.

Doe's third, fifth, and sixth questions presented are really one: whether the district court's decision was so substantively unreasonable that we should grant the Rule 35(b) motion on our own and remand to a new judge for resentencing. Again, no.

Under § 3742(a)(1), we have jurisdiction only to determine whether Doe's sentence "was imposed in violation of law." "Section 3742 does not give this Court jurisdiction to review any part of a discretionary sentencing decision." *Davis*, 679 F.3d at 194; *accord United States v. Manella*, 86 F.3d 201, 203 (11th Cir. 1996) (per curiam) (holding challenges to "the merits of the district court's Rule 35(b) determination" are unreviewable). We have at least one decision that could be read as suggesting we have jurisdiction to review Rule 35(b) denials for "gross abuse of discretion." *See United States v. Sinclair*, 1 F.3d 329, 330 & n.1 (5th Cir. 1993) (per curiam) ("A district court's ruling under Rule 35 will be reversed only for illegality or gross abuse of discretion." (quotation omitted)). But in *Sinclair*, we never stated the basis of our

jurisdiction. Nor did we square gross-abuse-of-discretion review with the jurisdictional limit in § 3742(a)(1). Nor did we conduct gross-abuse-of-discretion review to grant relief. *See* 1 F.3d at 330 (denying relief). It is therefore unclear how much weight, if any, to afford that sentence in *Sinclair*. *See, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) ("We have described such unrefined dispositions as drive-by jurisdictional rulings that should be accorded no precedential effect on the question whether the federal court had authority to adjudicate the claim in suit." (quotation omitted)).

And in all events, Doe has forfeited any potential argument that a district court imposes a sentence "in violation of law" under § 3742(a)(1) when it grossly abuses its discretion in denying a Rule 35(b) motion. Doe argues only that his post-sentence "cooperation was truly Herculean" and "some of the most significant cooperation ever provided." He provides no support for those hyperbolic comparisons to other, un-cited cases. But even if he did, Doe provides no argument that "Herculean" cooperation transforms the discretionary text of Rule 35(b) into a mandatory sentence-reduction command. The argument is therefore forfeited.

\* \* \*

The district court's judgment is AFFIRMED.