*United States v. Doe*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2018

(Argued:  March 21, 2019          Decided:  September 9, 2019)

Docket No. 17-1814-cr(L), 17-1868-cr (CON)

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

JOHN DOE,

*Defendant-Appellant.*[*]

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Before:  POOLER and CHIN, *Circuit Judges*, and VITALIANO, *District Judge*.[†]

---

[*]     The Clerk of the Court is respectfully directed to amend the caption to conform to the above.

[†]     Judge Eric N. Vitaliano, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a memorandum and order of the United States District Court for the Eastern District of New York (Johnson, *J.*), denying the government's motion pursuant to Rule 35(b)(2)(B) of the Federal Rules of Criminal Procedure to re-sentence defendant-appellant based on his substantial assistance in the prosecution of others. Defendant-appellant contends that the district court relied on erroneous findings of fact and failed to conduct a proper Rule 35 inquiry, in violation of his right to due process. The government argues that the Court lacks jurisdiction to hear the appeal. We reject the government's jurisdictional argument in this opinion, and, in a separate summary order filed under seal today, we affirm the judgment on the merits.

AFFIRMED.

------

KAYLA CREWS BENSING, Assistant United States Attorney (Kevin Trowel and Michael H. Warren, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York, *for Appellee*.

DONNA R. NEWMAN, Law Office of Donna R. Newman, New York, New York, *for Defendant-Appellant*.

------

CHIN, *Circuit Judge*:

In this case, defendant-appellant John Doe pleaded guilty to conspiracy to commit wire fraud. He began to cooperate with the government and continued to cooperate after he was sentenced. The government thereafter moved pursuant to Rule 35(b)(2)(B) of the Federal Rules of Criminal Procedure for a reduction of Doe's sentence on the grounds that he provided substantial assistance in the prosecution of others. The district court denied the motion.

On appeal, Doe argues that the district court violated his due process rights in failing to conduct a proper Rule 35 inquiry. The government responds by arguing that this Court lacks jurisdiction over the appeal because a defendant's appeal from a disposition of a Rule 35(b) motion exists, "if at all," under 18 U.S.C. § 3742(a), and, the government contends, Doe's arguments do not provide a proper basis under that statute for an appeal. In the alternative, the government argues that, assuming there is appellate jurisdiction, the appeal fails on the merits.

We reject the government's jurisdictional argument, and we affirm the denial of the Rule 35(b) motion on the merits. Because Doe cooperated with the government below, the district court proceedings and the briefs and

appendices on appeal were sealed.[1]  Accordingly, we dispose of the appeal by resolving the jurisdictional question in this opinion using a pseudonym, and we address the merits in a sealed summary order that we also file today.

## BACKGROUND

In 2013, Doe pled guilty to two counts of conspiracy to commit wire fraud.  He began cooperating with the government before sentencing.  In 2014, he was sentenced principally to 84 months' imprisonment, a below-Guidelines sentence.  Despite Doe's pre-sentencing cooperation, the government did not make a motion pursuant to § 5K1.1 of the United States Sentencing Guidelines (the "Guidelines") for a reduction of sentence, and the record does not suggest that his cooperation was a factor in the Guidelines sentence originally imposed.

Doe continued to assist the government after his sentencing.  In 2017, in a sealed letter motion, the government moved for Doe to be re-sentenced pursuant to Rule 35(b)(2)(B).  The district court denied the motion in a memorandum and order.  The district court recognized that it had the "right to reduce [Doe's] sentence" but declined to do so because it was "not impressed" with Doe's cooperation.  The district court concluded that Doe's post-sentencing cooperation came only after he had committed additional crimes, and that Doe

---

[1]    Therefore, all citations to the record have been omitted.

4

was intent on continuing to commit "the very same illegal conduct without intermission." This appeal followed.

## DISCUSSION

### I. *Applicable Law*

#### A. *Rule 35*

Rule 35(b)(2)(B) provides:

> Upon the government's motion made more than one year after sentencing, the court *may* reduce a sentence if the defendant's substantial assistance involved . . .
>
> > (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing . . . .

Fed. R. Crim. P. 35(b)(2)(B) (emphasis added).

"[I]n deciding a Rule 35(b) motion, a district court makes two inquiries." *United States v. Katsman*, 905 F.3d 672, 674 (2d Cir. 2018) (per curiam). "First, it must determine whether the defendant in fact provided substantial assistance." *Id.* Second, if it concludes that the defendant did provide substantial assistance, it must then determine whether to reduce the sentence and, if so, to what extent. *Id.*

5

The use of the word "may" in Rule 35 implies discretion, and, as we recently held, "discretion can best be exercised by considering the various sentencing factors." *Id*. at 675. Hence, in determining the extent, if any, of a Rule 35(b) reduction, a district court may consider the statutory sentencing factors and whether "[a] defendant's circumstances [have] [change[d] post-sentencing in such a way as to have a bearing on the appropriateness of his sentence." *Id*. (citing 18 U.S.C. § 3553(a)).

We have also noted that "due to similarity of language and function, § 5K1.1 should inform our construction of Rule 35(b)." *United States v. Gangi*, 45 F.3d 28, 31 (2d Cir. 1995). Indeed, "[t]he only practical difference between Rule 35(b) and U.S.S.G. § 5K1.1 is a matter of timing." *Id*. at 30; *accord United States v. Scarpa*, 861 F.3d 59, 67 (2d Cir. 2017); *United States v. Doe*, 93 F.3d 67, 68 (2d Cir. 1996) (per curiam). Section 5K1.1 sets forth a number of non-exclusive factors to guide a sentencing court in determining the "appropriate reduction," including the nature, extent, usefulness, and timeliness of the defendant's assistance, the truthfulness, completeness, and reliability of his information, and the impact of the assistance on the defendant and his family. U.S.S.G. § 5K1.1; *see also Gangi*, 45

F.3d at 31.  Accordingly, these considerations apply in the Rule 35 context as well.

We have also held that where the government makes a Rule 35 motion, "a defendant must have an opportunity to respond to the government's characterization of his post-sentencing cooperation and to persuade the court of the merits of a reduction in sentence." *Gangi*, 45 F.3d at 32.  Whether that opportunity to be heard should take the form of a full hearing or a written submission is left to the discretion of the district court, but we have recognized that the "failure to afford an opportunity to be heard would raise grave due process issues." *Id.*

### B.     *Appellate Jurisdiction*

"Federal courts are courts of limited jurisdiction." *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016) (alterations and internal quotation marks omitted).  A defendant may appeal from a district court's decision on a Rule 35(b) motion pursuant to 18 U.S.C. § 3742(a), which confers limited appellate jurisdiction over appeals of "otherwise final sentences." *Doe*, 93 F.3d at 67-68 (dismissing defendant's appeal of extent of district court's sentence reduction

7

pursuant to Rule 35(b) on grounds that defendant's appeal did not fall within the categories set forth in 18 U.S.C. § 3742).

Under § 3742(a), a defendant may appeal an "otherwise final sentence[]" if the sentence imposed was "(1) in violation of the law; (2) a misapplication of the Guidelines; (3) an upward departure from the Guidelines; or (4) a plainly unreasonable penalty for an offense not included in the Guidelines." *Id.* at 68 (internal quotation marks omitted); *see also* 18 U.S.C. § 3742(a). We have held that we do not have appellate jurisdiction under § 3742(a) to hear a defendant's appeal of the "extent" of a sentencing reduction on a Rule 35(b) motion. *Id.* at 67-68. On the other hand, in *Gangi*, we reached the merits of an appeal challenging a Rule 35(b) sentencing decision, *inter alia*, on procedural due process grounds. 45 F.3d at 29-30, 32.

## II.    *Application*

On appeal, Doe contends that the district court abused its discretion in denying the government's Rule 35 motion because it relied on "clearly erroneous findings of facts lacking in record support." He also contends that the district court misapplied the two-step inquiry required by Rule 35 -- whether a defendant is eligible for a reduction and, if so, whether and to what extent a

8

reduction is warranted -- by conflating the two steps.  We conclude that we have jurisdiction under § 3742(a) to review both contentions.[2]

## A. *Reliance on erroneous facts*

Doe argues that it is a violation of law -- and therefore we have jurisdiction to review the denial of the Rule 35 motion -- for a district court to re-sentence an individual based on erroneous facts.  We agree.

Although sentencing judges are afforded wide discretion in determining what sentence to impose, "there are distinct limits to this discretion, and they include a defendant's due process right to be sentenced based on accurate information."  *United States v. Juwa*, 508 F.3d 694, 700 (2d Cir. 2007); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972) (reviewing sentence where it was "founded at least in part upon misinformation of constitutional magnitude"); *United States v. Brown*, 843 F.3d 74, 91 (2d Cir. 2016) (Pooler, *J.*, dissenting) ("Defendants have a constitutional right to be sentenced based on 'accurate information' rather than guesses.").  Indeed, we have held as a general

---

[2]    Doe argues that we have jurisdiction under: (1) subsection (a)(1) because the motion was denied in violation of the law; or (2) subsection (a)(2) because the court misapplied the factors set forth in § 5K1.1 of the Guidelines.  Because we conclude that we have jurisdiction under § 3742(a)(1), we do not reach Doe's argument as to § 3742(a)(2).

9

proposition that a district court abuses its discretion when it relies on erroneous facts. *United States v. Brady*, 417 F.3d 326, 332-33 (2d Cir. 2005) (noting that a district court abuses the discretion accorded to it when its decision rests on "a clearly erroneous factual finding").

Therefore, we have found that a contention that a judge has relied on inaccurate, material information is reviewable under § 3742(a)(1) because "a judge's material misapprehension of fact is ground for vacating a sentence, because it may constitute a denial of due process, especially when the defendant lacks an opportunity to reply." *United States v. McDavid*, 41 F.3d 841, 843-44 (2d Cir. 1994) (internal citations omitted); *see also United States v. Brown*, 479 F.2d 1170, 1172 (2d Cir. 1973) ("Absent the sentencing judge's reliance . . . upon material inaccuracies, it is not our function to review a sentence falling within statutory limits."); *cf. United States v. Arevalo*, 628 F.3d 93, 99 (2d Cir. 2010) (requiring reliance and more than a "mere existence of inaccurate information" for a due process violation).[3]

---

[3]     This holding is consistent with the practices of the Seventh and Tenth Circuits. *See, e.g., United States v. Garcia*, 919 F.2d 1478, 1480 (10th Cir. 1990) ("Clearly erroneous factual findings implicate constitutional due process concerns."); *United States v. Franz*, 886 F.2d 973, 980 (7th Cir. 1989) ("[A] defendant's constitutional rights can be violated if he demonstrates grave doubt as to the veracity of the information and that the court relied on that false information in determining the sentence." (brackets, alterations, and

While these cases involved appeals from plenary sentencings rather than Rule 35 re-sentencings, the principle that a defendant has a right to be sentenced based on accurate facts rather than material misinformation is just as important in the Rule 35 context, as a defendant's loss of freedom is still at stake. Discretion does not mean absolute discretion, and, as noted above, the law provides guidance to district courts on how to exercise their sentencing discretion in deciding Rule 35 motions.

To the extent that the government argues that the constitutional right to due process is not implicated by a Rule 35 motion, we disagree. According to the government, there can be no due process violation because Rule 35(b) only allows a sentence to be reduced and so there can be no additional deprivation beyond that which was already imposed. Moreover, the government argues that no set of facts would *mandate* a favorable decision in a Rule 35 proceeding, and therefore post-conviction proceedings, like Rule 35(b) proceedings, are not constitutionally compelled. We are not persuaded.

---

internal quotation marks omitted)); *see also United States v. Fontes*, 415 F.3d 174, 176 & n.3 (1st Cir. 2005) (noting that defendant did not challenge the court's underlying factual determinations and implying that, had he done so, the court would have had jurisdiction under § 3742(a)). *But see United States v. Minutoli*, 374 F.3d 236, 240 (3d Cir. 2004) ("While we have not explicitly stated that we lack jurisdiction to review the allegation of a factual error in the course of a discretionary refusal to depart, that conclusion is surely implicit in our cases.").

11

First, we have already declined to adopt the view that "by the time a Rule 35(b) motion is filed, a defendant has already received the process that is due to him in sentencing under general due process principles." *Gangi*, 45 F.3d at 32. Indeed, we have recognized that while "a prisoner's right to due process is not parallel to a trial right," a prisoner still has some right to due process that "must be analyzed in light of the fact that he has already been found guilty at a fair trial, and has only a limited interest in postconviction relief." *McKithen v. Brown*, 626 F.3d 143, 152 (2d Cir. 2010) (alterations and internal quotation marks omitted); *accord Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68-69 (2009).

Second, by requiring a decision based on accurate facts, we are not mandating any particular decision by the district court in a Rule 35 proceeding. Rather, we simply hold that when a district court exercises its discretion in deciding a Rule 35 motion, it must do so based on accurate information.

Finally, the Supreme Court has recognized that there are "constitutional interests in accurate finding[s] of fact . . . and in preserving a fair and open process for decision." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 248 (1980). Moreover, due process requires fundamental fairness, *see Moran v. Burbine*, 475

U.S. 412, 432 (1986); *see also id.* at 468 (Stevens, J., dissenting), which ordinarily requires "that the defendant be given an opportunity to rebut the factual assumptions relied on by the judge," *United States v. Gonzalez*, 661 F.2d 488, 495 (5th Cir. 1981). Therefore, due process still dictates that a ruling on a Rule 35 motion be based on accurate information.

Here, Doe contends that the district court relied on erroneous facts in denying the Rule 35 motion. It is clear that these facts are material and that the district court relied on them, as the court referenced the facts in explaining its denial of the Rule 35 motion. *See McDavid*, 41 F.3d at 844 ("A sentence based *in part* on material misinformation may not stand."). Whether the findings were erroneous, as Doe argues, is a separate question, but we conclude that we have jurisdiction to review his contention that the denial of the government's Rule 35 motion was based on erroneous material facts in violation of law.

### B.    *Misapplication of Rule 35 two-step inquiry*

Doe also argues that the district court conflated the two-step process for deciding a Rule 35(b) motion. Clearly, a contention that a district judge failed to properly conduct a Rule 35 inquiry is a contention that the judge re-sentenced the defendant in violation of the law. *See, e.g.*, *Katsman*, 905 F.3d at 674-75

13

(reviewing defendant's argument that district court "improperly conflated the two [Rule 35] steps"); *United States v. Davis*, 679 F.3d 190, 194 (4th Cir. 2012) (finding jurisdiction to review district court's "sentencing methodology"); *United States v. Grant*, 636 F.3d 803, 809 (6th Cir. 2011) (en banc) (finding jurisdiction to review district court's methodology where the court "misapprehend[ed] the factors it was allowed to consider in deciding the Rule 35(b) motion"). We, therefore, have jurisdiction to review the denial of the government's Rule 35 motion on this ground.

## *CONCLUSION*

For the reasons set forth above, we hold that we have jurisdiction to review the denial of the Rule 35(b) motion. For the reasons set forth in the accompanying sealed summary order, the judgment of the district court is AFFIRMED.